TREHERN *v.* GRAFE AUTO COMPANY, et al.

No. 40691          March 3, 1958          100 So. 2d 786

*W. E. Belt,* Pascagoula; *Travis & Moore,* Jackson, for appellant.

*Rae Bryant,* Gulfport; *N. R. Shoemaker,* Jackson, for appellee.

HALL, J.

On September 3, 1952, the appellant received injuries arising out of and in the course of his employment with Grafe Auto Company of Moss Point, from which he was disabled until October 1, 1952, and upon his return to work the compensation carrier paid him compensation benefits for a period of three weeks and six days in the amount of $38.58, and in addition thereto his hospital expenses in the amount of $7 were paid on his behalf, and his medical expenses in the amount of $45, and drugs and glasses in the amount of $34.84 were paid and the claimant and the carrier on December 8, 1952, executed Form B31 which was filed with the Workmen's Compensation Commission in accordance with Section 6998-19, paragraph (g), Code of 1942, under which the claim was closed.

Nearly four years later and on November 23, 1956, the claimant filed with the Compensation Commission a claim for additional medical benefits. The claim was

set down for hearing before the attorney-referee and he held that the Commission no longer had jurisdiction of the matter and dismissed the claim. His action was affirmed by the Commission and by the circuit court and the claimant appeals here.

Section 6998-27 of the Mississippi Code of 1942 provides that the Commission may on its own initiative or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in the determination of fact cause a new compensation order to be entered which may terminate, continue, reinstate, increase or decrease any award of compensation, but the statute specifically limits such action to be within one year after the date of the last payment of compensation or one year after the rejection of a claim.

It is true that Section 6998-02 in paragraph 10 defines compensation as the money allowance payable to an individual worker or his dependents, including funeral benefits, and makes no mention of medical benefits.

Section 6998-08, paragraph (a), requires the employer to furnish such medical, surgical and other attendance or treatment, nurse and hospital service, medicine, crutches, artificial members, and other apparatus, for such period as the nature of the injury or the process of recovery may require.

Section 6998-18 in paragraph (a) puts a limitation of two years on all claims, but nowhere in the compensation act is there any specific limitation on claims for medical benefits.

However, what we are asked to do on this appeal is to simply hold that a claim for medical benefits under the act is never barred. Viewing the act as a whole we are of the opinion that it was the intention of the legislature to put the same period of limitation on the payment of medical benefits as it has put on the payment of compensation. This is in accord with the decisions in other states. In the case of Cook v. Interna-

tional Paper Co., 42 So. 2d 558, 560, the Louisiana court said: "The right of an injured employee to recover medical expenses incurred as the result of an accident while in the course and scope of his employment has no existence except under the pertinent section of the Louisiana Workmen's Compensation Act. The time limitation in Section 31 of this Act, quoted in the original opinion herein, is applicable to plaintiff's claim for medical expenses as well as his claim for weekly compensation."

The provision of the compensation act of Florida as to limitation on the filing of a claim for compensation for disability, is almost identically like the Mississippi statute. And in the case of Canada Dry Bottling Co. of Florida v. White, 13 So. 2d 595, 596, the Supreme Court of Florida said: "On the point of whether or not the claim for additional medical treatment was filed in season it is sufficient to say that the Workmen's Compensation Act contains no specification determinative of this point but sound reason would not warrant filing such a claim later than the time allowed for making claim for compensation."

In the case of Coombs v. Nash Refrigeration Co., 18 N. J. Misc. 421, 14 A. 2d 44, it was held:

"It appears from the pleadings and stipulation of counsel that the petitioner suffered a compensable accident on August 4, 1934, for which he received 1 2/7 weeks temporary compensation and 100% permanent disability of the left eye or an additional 100 weeks compensation, the last compensation payment being made in 1936. In 1939 the injured eye became infected so as to require removal and the substitution of an artificial eye.

"The Workmen's Compensation Act, R. S. 34:15-15, N. J. S. A. 34:15-15, imposes upon the respondent the duty of furnishing to the petitioner proper medical and surgical attention including the furnishing of an artificial eye to the petitioner. However, the Compensation Act further provides, R. S. 34:15-51, N. J. S. A. 34:15-51,

'that every claimant for compensation * * * shall * * * file a petition * * * within two years after the date on which the accident occurred, or in case an agreement for compensation has been made between the employer and the claimant, then within two years after the failure of the employer to make payment pursuant to the terms of such agreement; or in case a part of the compensation has been paid by the employer, then within two years after the last payment of compensation.' This section was construed to be one of jurisdiction rather than a statute of limitation. Miller v. Beller Electric Supply Co., 100 N. J. Eq. 444, 136 A. 342.

"The petitioner contends that the two-year limitation applies only to petitions for compensation rather than for reimbursement of medical expenses. In the case of Mellor v. Nicholson File Co., 7 N. J. Misc. 714, this Bureau held that a claim for medical services must be filed within the period prescribed for the filing of petitions for compensation. While there is no apparent limitation prescribed for medical treatment under Section 34:15-15 of the Workmen's Compensation Act, still the subject matter is so closely integrated with the remainder of the Workmen's Compensation Act and its provisions are so complementary and so dependent thereon for proper disposition that it seems rational that the two-year limitation period should apply to medical treatment as well as to petitions for compensation."

It is our opinion that the legislature of Mississippi intended to put some limit on the time when a claim for medical benefits could be filed and it seems reasonable to us that they intended to put the same limit as they did put on a claim for compensation. Under this view the judgment of the lower court must be affirmed. If the Legislature intended to put a different period of limitation on the recovery of medical expenses, they

should amend the compensation act and put such period on it as they think is fair and just.

Affirmed.

*Roberds, P. J., Lee, Kyle* and *Gillespie, JJ.,* concur.