GRAEBER BROS., INC., et al. *v.* TAYLOR.

No. 41271 November 23, 1959 115 So. 2d 735

February 1, 1960 117 So. 2d 469

*Brewer, Brewer & Luckett,* Clarksdale, for appellants.

*Denton & Gore,* Marks, for appellee.

HALL, J.

This is a workmen's compensation case which should not have been contested and should not have been appealed to this Court. The attorney referee found in favor of the claimant, the full workmen's compensation commission approved his finding, and the circuit court affirmed the order of the commission.

The claimant sustained an injury while in the employment of Graeber Bros., Inc. and the same arose out of and in the course and scope of his employment. The injury occurred on September 13, 1956. Form B-31 "Final Report and Settlement Receipt" signed by the claimant and also signed by the adjuster for the in-

surance carrier was filed with the commission on October 10, 1956 and a corrected Form B-31 was filed with the commission on November 14, 1956 showing that the file had been closed on October 31, 1956, █ but subsequently there was filed by the adjuster for the insurance carrier on July 10, 1957 a Form B-77 in which the carrier stated: "File reopened 2-11-57 after being closed on 10-31-56." The attorney referee found, and correctly so, that the defendants by the filing of said B-31 closed this case as to payments of compensation on November 8, 1956 but that by the filing of Form B-77 on July 10, 1957 the case was reopened and that the actions taken by the defendants since the filing of B-77 tended to indicate to the claimant and to the commission that they, the defendants, did not consider the B-31 of November 8, 1956 to be effective and that the same tolled the statute of limitations and that therefore the commission has never lost jurisdiction in this cause as claimed by the appellants. On July 9, 1958 the claimant filed with the commission Forms B-11 and B-5. As late as April 4, 1958 the appellants did not consider this case closed because on that date they gave notice to the commission giving the status of the claim and they stated further that they would keep the commission advised and up until June 1958 the claimant was fully justified in believing his rights were being protected and that until the filing of Form B-11 on July 9, 1958 the commission believed, and had every legal right to so believe, that the appellants fully recognized their duty and obligation to the claimant and intended to meet their obligation and that as a result of this belief the commission was prevented from taking active steps in order to fully advise the claimant of his rights under the statute.

The compensation act provides, as shown by Sec. 6998-19(g), Rec. Code of 1942, "Within thirty (30) days after the final payment of compensation has been made, the employer shall send to the commission a no-

tice, in accordance with a form prescribed by the commission, stating that such final payment has been made, the total amount of compensation paid, the name of the employee and of any other person to whom compensation has been paid, the date of the injury or death, and the date to which compensation has been paid. * * *.''

Section 6998-27 provides: ''Upon its own initiative, or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase or decrease such compensation, or award compensation. Such new order shall not affect any compensation previously paid, except that an award increasing the compensate rate may be made effective from the date of the injury, and if any part of the compensation due or to become due is unpaid, an award decreasing the compensation rate may be made effective from the date of the injury, and any payment made prior thereto in excess of such decreased rate shall be deducted from any unpaid compensation, in such manner and by such method as may be determined by the commission.''

Section 6998-08 (a) provides in part: ''The employer shall furnish such medical, surgical, and other attendance or treatment, nurse and hospital service, medicine, crutches, artificial members, and other apparatus, for such period as the nature of the injury or the process of recovery may require. * * *.''

In this case the claimant incurred a considerable expense for medical treatment and medicines and the appellants contend that the same is not to be construed as compensation.

In Larson's Workmen's Compensation Law, Vol. 2, Sec. 78.43 (b) headed Medical Benefits as Payment it is said: "One of the commonest controversies in this area is the question whether particular 'payments' are the kind of payments that toll the statute. Some courts have interpreted the term 'last payment' in claim period statutes to exclude medical services entirely, but the majority include such services, on the theory that the furnishing of any kind of benefit required by compensation law indicates an acceptance of liability and thus satisfies the policy of the 'last payment' clause."

In support of his text and in a note thereto, Larson cites cases from Alabama, California, New York, Kansas, Colorado and Oklahoma.

Section 6998-18 (a) provides in part: "Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made, and no application for benefits filed with the commission within two years from the date of the injury or death, the right to compensation therefor shall be barred."

This section of the compensation law clearly indicates that the legislature considered medical treatment as a payment of compensation.

In the case of Trehern v. Grafe Auto Co., et al, 100 So. 2d 786, we had before us almost the same question as to whether medical payments stand on the same footing as money payments to the claimant for time lost and whether the same statute of limitation applies and we held that both have the same time limit.

In the case of Ingalls Shipbuilding Corp. v. Cahela, 251 Ala. 163, 36 So. 2d 513, (and the cases cited therein) it is said: "Each time medical treatment is furnished (though * * * when there was no legal obligation to do so) there is an acknowledgment by the employer that there was an injury for which the employer is responsible, and an employee should have a right to assume that,

so long as the employer continues to furnish medical treatment, his claim is open for final adjustment * * *." That case held that the furnishing of such services tolled the statute. See also Thomas v. Lockwood Mfg. Co., 236 Mo. App. 1248, 163 S. W. 2d 117; Buecker v. Roberts, (Mo. App.) 200 S. W. 2d 259; and Moss v. Stanbridge, 215 Ala. 237, 110 So. 17, wherein the holding of the courts was the same. The majority rule is also stated in Townsley v. Miami Roofing and Sheet Metal Co., (Fla.) 79 So. 2d 785, with numerous cases collated in support thereof.

And in Reynolds Metals Co. v. Brumley (Ark., 1956), 290 S. W. 2d 211, it is said that the provisions of a compensation act should be given a broad and liberal construction to effectuate its purposes and to further a policy of resolving doubtful cases in favor of the claimant (which is the policy of the Mississippi court as well), and that "* * * where an employer or his insurance carrier has furnished an injured employee medical and hospital services this constitutes a payment of compensation or a waiver which suspends the running of the time for filing a claim for compensation. * * *."

The general rule in the majority of the states is that the furnishing of hospital and medical services is equivalent to or is the payment of compensation to the employee. So, in the case of Oklahoma Furniture Mfg. Co. v. Nolen, 164 Okla. 213, 23 P. 2d 381, a case where the claimant was not paid monetary compensation but was furnished medical treatment, the Court said that "* * * the furnishing of medical treatment recognizes liability and constitutes the equivalent of the payment of compensation and is sufficient to toll the statute. We are unable to draw a legal distinction between the voluntary payment of compensation and the furnishing of medical treatment. The reasoning permitted the one to toll the statute of limitations is applicable to the other. Both are indicative of the same thing, the recognition of liability * * *."

The same rule was followed in C. Rose Plumbing Co. v. Gordon, (Okla.), 317 P. 2d 197.

The same rule is followed in Colorado, as will be found from an examination of Rogers v. Solem, 103 Col. 52, 83 P. 2d 154; Industrial Commission v. Lockard, 89 Col. 428, 3 P. 2d 416; Industrial Commission v. Globe Indemnity Company, 74 Col. 52, 218 P. 910. The *Globe Indemnity Company* case says that the payment of medical and hospital expenses "is clearly within the meaning of the word compensation," citing from Webster's Century Dictionary and Words and Phrases, First and Second Series.

In the *Lockard* case, the Colorado court says that they have held that the payment by the employer of medical expenses is the payment of compensation, and cites many cases substantiating this statement. Among the cases so cited are Royal Indemnity Co. v. Industrial Commission, 293 P. 342; and Frank v. Industrial Commission, 43 P. 2d 158, both of which contain excellent and logical discussions of this question.

The same rule applies in California; see Bulger v. Industrial Accident Commission, 24 P. 2d 796, and U. S. F. & G. v. Industrial Accident Commission, 195 Cal. 577, 234 P. 369. Also in Richardson v. National Refining Co., 136 Kan. 724, 18 P. 2d 131, the court said that "The furnishing of medical aid to an injured employee constitutes the payment of compensation * * * and a written claim for compensation filed within ninety days of the last furnishing of medical aid is filed in time."

In Ketchell v. Wilson & Co., 138 Kan. 97, 23 P. 2d 488, the court said: "The furnishing of medical and hospital treatment is payment of compensation * * *. To continue after expiration of the 60-day period to furnish medical and hospital treatment as an uncured injury demands is to continue to pay compensation."

See also Rupp v. Jacobs, 149 Kans. 712, 88 P. 2d 112. In Wolgamott v. Vinegar Hill Zinc Co., 99 P. 2d 755,

the Kansas court said again that: "The furnishing of medical aid to an injured workman is the payment of compensation with exactly the same implication as are weekly payments of money made to him by his employer for scheduled injuries or for total or partial incapacity."

The same rule is followed in Pennsylvania, Wisconsin, Georgia, Minnesota, Rhode Island, Idaho, Massachusetts, Missouri, Montana and New York. The following cases illustrate it: Shank v. Consolidation Coal Corp., 161 Pa. Sup. 304, 54 A. 2d 289: "We have already held that the word 'compensation,' as employed in various sections of the Workman Compensation Act and the Occupational Disease Act, includes medical services."

Slauson v. Standard Oil Co., (U. S. District Court, Wisconsin), 29 F. Sup. 497: "The word compensation as used in Wisconsin Workmen's Compensation Law includes medical and surgical bills."

Western Union Telegraph Co. v. Smith, 50 Ga. App. 585, 178 S. E. 472, (syllabus): "Statutes subrogating employer to employee's right to recover from third party tort feasor to extent of compensation paid employee entitled employer to subrogation not only for amount of disability benefits paid employee and $100.00 medical and hospital expenses, but also for amount of additional medical and hospital treatment reasonable and necessary for proper care of employee's injuries * * *."

Frank v. Anderson Brothers (Minnesota), 51 N. W. 2d 805: "The right to receive hospitalization and medical treatment is a money benefit which constitutes compensation within the workmen's compensation act." See also Hanson v. Hays (Minnesota), 29 N. W. 2d 473.

In Rhode Island, the rule is stated in Atlantic Rayon Corporation v. Macedo, 53 A. 2d 756, (syllabus): "Under workmen's compensation act reasonable bills for medical and hospital services are to be treated as part of compensation."

The Idaho rule is stated in Irvine v. Perry, 299 P. 2d 97; "Furnishing of medical, surgical and hospital services to the injured employee must be regarded as payment of compensation."

The same rule exists in Massachusetts; see *Bruso's* case, 4 N. E. 2d 308, *Aleese's* case, 33 N. E. 2d 280, and *Haggerty's* case, 11 N. E. 2d 583, in the last of which is said that: "An insurer under the workmen's compensation law may be required to furnish as part of compensation to which the injured employee is entitled adequate and reasonable hospital and medical services, * * * together with the expenses necessarily incidental to such service."

See also Martensen v. Shutte Lumber Co., 162 S. W. 2d 312, and Lutman v. American Shoe Machinery Co., 151 S. W. 2d 701, both Missouri cases, in the latter of which it is said in the syllabus: "The right to medical aid is a part of the employee's compensation given to him by the provisions of the compensation law itself."

In Gugler v. Industrial Accident Fund, a Montana case, 157 P. 2d 89, it was said in the syllabus: "A claim for medical services furnished the injured employee is in law a part of compensation for the injury."

And in New York, the case of Sprague v. Spencer, 14 N. Y. S. 2d 673, the Court said in syllabus: "The medical care which an employer must furnish under the workmen's compensation law is part of the statutory compensation of the workman."

See also Buecker v. Roberts, 200 S. W. 2d 529, and Donoher v. American Wire & Steel Co., a New Jersey case, 64 Atlantic 2d 622, in which the Court said that: "Furnishing of medical services by the employer is generally held to be compensation or payment of compensation * * *."

The wording of the Mississippi statute, contrary to the contention of the appellants, does not define compensation as only the money payable to an injured work-

er or his dependents. Section 6998-02 (10) reads: "Compensation means the money or allowance payable to an injured worker or his dependents as provided for in this act and includes funeral benefits provided therein."

█ █ For the reasons given above we are of the opinion that the payment of medical expenses is a part of and is equivalent to the payment of compensation. The Mississippi law was copied in large from the Arkansas act and as we have herein above indicated, the Arkansas Court in construing its act definitely placed medical and hospital services in the same category as the payment of monetary benefits to the injured party. We think that the same rule should prevail here and for the reasons given, the judgment of the lower court should be and it is hereby affirmed and the cause is remanded to the commission for supervision of the payment of the benefits due.

Affirmed and remanded.

*McGee, C. J.,* and *Arrington, Ethridge,* and *Gillespie, JJ.,* concur.

## ON SUGGESTION OF ERROR

ARRINGTON, J.

The opinion in Gibbs v. Bass, 116 So. 2d 542 (Miss. 1959) covers a related aspect of the decision in the present case. Of course, we did not hold in the original opinion herein that monetary amounts paid for medical expenses under Section 7 of the Workmen's Compensation Act, Miss. Code 1942, Sec. 6998-08, are to be included in the maximum amounts fixed for disability benefits under other sections of the act. Section 7 is separate and distinct, without monetary limitations on medical benefits for injuries which arise out of and in the course of employment. Payments therefor are not included in the maximum sums established for specific types of disabilities or death. █ █ In the instant case

we hold simply that a payment of medical expenses constitutes a "payment of compensation" for the purpose of tolling the one-year statute of limitations, Code Section 6998-27.

Suggestion of error amicus curiae overruled.

*McGehee, C. J.,* and *Hall, Ethridge* and *Gillespie, JJ.,* concur.