## Gibbs *v.* Bass, et al.

No. 41309          December 14, 1959          116 So. 2d 542

*Arrington* & *Arrington*, Hazlehurst, for appellant.

*Rae Bryant*, Gulfport, for appellees.

McGEHEE, C. J.

This is an appeal from an order of the attorney referee, full commission and the circuit court which dismissed a petition of Frank Gibbs as claimant under the Mississippi Workmen's Compensation Act for an adjudication as to his right to receive medical attention "for such period as the nature of the injury or the process of recovery may require," as provided for by Sec. 6998-08, Code of 1942.

At the time of the hearing before the attorney referee there were no bills outstanding and unpaid for

medical, surgical, and other attendance or treatment, nurse and hospital services, medicine, crutches, artificial members and other apparatus provided for by Sec. 6998-08, Code of 1942, which had been submitted to the employer or carrier for payment.

The appellant, Frank Gibbs, was injured on December 9, 1949. It is undisputed that his injury was accidental and arose out of, and in the course of, his employment; that various monthly payments of compensation benefits were made to him by the appellees, W. E. Bass and Bituminous Casualty Company, from the time of his injury on December 9, 1949 until May, 1957 when the sum of $8,600 had been paid, this being the maximum award under the statute for compensation benefits as such to an injured employee.

The employee's injury was very severe since he was struck on the head by a log while working on a logging crew. As the result of this injury, the claimant suffered extensive brain damage and was partially paralyzed.

During the year 1957 the appellees submitted to the claimant Mississippi Workmen's Compensation Form B-31 which disclosed that the maximum benefits of $8,-600 had been paid and that $2,773.88 had been paid for medical expenses. The claimant refused to sign this Form B-31 as prepared unless and until the appellees should clearly set forth therein his right to future medical benefits. This the appellees refused to do and on July 5, 1957 filed the said B-31 without the acquiescence of the claimant. Following this action the claimant petitioned the attorney referee and the commission for an adjudication of the liability of the appellees for medical expenses, etc., "for such period as the nature of the injury or the process of recovery may require."

At the hearing on this petition the proof showed without dispute that the claimant was permanently and totally disabled and that his condition would require medical treatment for the remainder of his life. The attorney referee, the full commission and the circuit court were

in agreement that the petition should be dismissed, since there was no justiciable controversy pending between the claimant and the employer and carrier for the reason that all of the medical services and supplies had been furnished upon request at all times prior to the hearing on the petition in December, 1957; that there were no outstanding and unpaid bills for medical, surgical, or other services provided for under Sec. 6998-08, supra.

The claimant is apprehensive that upon the expiration of the statute of limitation under the workmen's compensation act from and after the date of the last monthly payment of compensation, his right to any further medical services and supplies will become barred. In the case of Trehern v. Grafe Auto Company, 232 Miss. 854, 100 So. 2d 786, this Court cited the said Sec. 6998-08, supra, and stated: ''However, what we are asked to do on this appeal is to simply hold that a claim for medical benefits under the act is never barred. Viewing the act as a whole we are of the opinion that it was the intention of the legislature to put the same period of limitation on the payment of medical benefits as it has put on the payment of compensation. This is in accord with the decisions in other states.'' The opinion then cites cases from Louisiana, Florida and New Jersey and concludes from the holding in those cases that: ''It is our opinion that the legislature of Mississippi intended to put some limit on the time when a claim for medical benefits could be filed and it seems reasonable to us that they intended to put the same limit as they would put on a claim for compensation. Under this view the judgment of the lower court must be affirmed. If the legislature intended to put a different period of limitation on the recovery of medical expenses, they should amend the compensation act and put such period on it as they think is fair and just.'' In that case the attorney referee, full commission and

circuit court had held the claim for medical expenses to be barred, since the period of limitation from the last payment of compensation had expired and that the same statute was applicable.

On November 23, 1959 in the case of Graeber Bros., Inc., and the U. S. F. and G. Co. v. W. T. Taylor, Cause No. 41,271, not yet reported, this Court reaffirmed its holding in the case of Trehern v. Grafe Auto Co., supra, and cited a great many additional cases from other jurisdictions holding that the furnishing of medical aid to an injured employee constitutes the payment of compensation, and that the filing of a written claim for such compensation would begin to run from the last furnishing of medical services and supplies.

■■ ■ Therefore, we are of the opinion that until there shall have been a default in the furnishing by the appellants of the medical services and supplies contemplated by said Sec. 6998-08, supra, the statute of limitation which bars a claim for compensation within a specified time from the payment of the last monthly installment of compensation would not begin to run. In other words, the furnishing of medical services and supplies will toll the statute of limitation so that the same will not take effect until the employer or carrier is in default in the obligation to furnish the same "for such period as the nature of the injury or the process of recovery may require."

What we are asked to do in this case is to, in effect, render an advisory opinion or declaratory judgment as to the alleged right of the claimant to receive medical services and supplies from his employer or the insurance carrier for the remainder of his life. This case was argued on the day that the opinion was rendered in the case of Graeber Bros., Inc., et al. v. Taylor, supra, and from that case it will be found that the claimant is unduly fearful in regard to his future rights for medical services and supplies becoming barred at the time of the expira-

tion of the statute of limitation from and after the last payment of monthly installments of compensation in May, 1959, since this statute will be tolled during such period as the appellees shall continue to furnish such medical services and supplies, during such period as the nature of the injury or the process of recovery may require.

It follows that we must affirm the decision of the attorney referee, full commission and the circuit court in dismissing the petition of the claimant for an adjudication at this time of his right to be furnished medical services and supplies as long as he lives.

Affirmed and remanded.

*Hall, Lee, Holmes* and *Ethridge, JJ.,* concur.