J. H. Moon & Sons, et al. *v.* Hood

No. 42388 October 1, 1962 144 So. 2d 782

*Butler, Snow, O'Mara, Stevens & Cannada,* Jackson, for appellants.

*Cox, Dunn & Clark,* Jackson, for appellee.

ETHRIDGE, J.

The principal question in this workmen's compensation case is whether the right of a claimant to medical expenses continues after expiration of the maximum period for benefits has expired or the maximum amount of weekly compensation benefits have been paid. We hold it does. The relevant statute is Sec. 7 of the Mississippi Workmen's Compensation Act, Miss. Code 1942, Rec., Sec. 6998-08: "The employer shall furnish such medical, surgical, and other attendance or treatment, nurse and hospital service, medicine, crutches, artificial members, and other apparatus, for such period as the

nature of the injury or the process of recovery may require.''

 ·The issue is legal not factual. William Travis Hood, claimant and appellee, received a back injury in November 1958. The Commission's award of compensation under Sec. 8 (c) (21) was affirmed by the circuit court, and no further appeal was taken. Such benefits shall be paid to the employee not to exceed 450 weeks or the maximum of $8,600. Code Sec. 6998-09 (c) (21). Hood applied for a lump sum payment or settlement under Sec. 13 (j) of the Act. On July 5, 1960, the Commission authorized under that statute ''a full lump sum settlement'' to be paid by the insurance carrier to claimant in accordance with Sec. 13 (j).

The carrier paid medical expenses incurred up to July 5, 1960, the date of the lump sum payment. Claimant continued thereafter to require substantial and continuous medical service resulting from the injury on the job. However, the carrier refused to pay any medical benefits after the date of the lump sum order of July 5, 1960. This claim for additional medical benefits was filed with the Commission prior to one year from the last preceding payment of compensation benefits. The Commission, affirming the order of the attorney-referee, held that Sec. 7 (a) of the Act requires payment of medical expenses ''for such period as the nature of the injury or the process of recovery may require.'' It therefore ordered appellants, the employer and·insurance carrier, to pay Hood medical expenses incurred or to be incurred as the result of the accidental injury received by him in 1958. The circuit court affirmed that order.

Appellants contend that the Commission's jurisdiction is limited to the compensation period of 450 weeks or $8,600, during continuance of permanent partial disability; that, upon expiration of that period, there is no further liability on them to furnish either compen-

sation benefits or medical expenses to the employee. It is said the Commission's jurisdiction is limited, and, once the compensation period expires, all benefits terminate, including medical expenses; that they are incidental to overall benefits and automatically terminate upon payment of maximum benefits or expiration of the maximum period.

This argument is not consistent with Sec. 7 (a) of the Act. It provides that the employer shall furnish medical services "for such period as the nature of the injury or the process of recovery may require." Although other sections provide for specific limits on the payment of compensation, expenses for medical services and supplies are without limitation as to time and amount.

In Graeber Bros., Inc. v. Taylor, 237 Miss. 691, 702, 115 So. 2d 735, 117 So. 2d 469 (1960), reopening of the case by the carrier tolled that one-year statute of limitations, and a petition to reopen was proper when filed within one year from the last payment of medical expenses. It was argued that payment of medical expenses was not a payment of compensation within the reopening statute (Sec. 21), but this was denied. A suggestion of error argued that a statement in the opinion would indicate payments for medical expenses were to be included in maximum amounts fixed for disability benefits. In response, the Court said: "Section 7 is separate and distinct, without monetary limitations on medical benefits for injuries which arise out of and in the course of employment. Payments therefor are not included in the maximum sums established for specific types of disabilities or death. In the instant case we hold simply that a payment of medical expenses constitutes a 'payment of compensation' for the purpose of tolling the one-year statute of limitations, Code Section 6998-27."

Although the foregoing statement was not necessary to the decision, it was a comment on a collateral, re-

lated matter, and indicates the Court's interpretation of Sec. 7, as providing for medical expenses without limitation of time or amount.

B. C. Rogers & Sons v. Reeves, 232 Miss. 309, 317, 98 So. 2d 875 (1957), involved medical expenses. The following comment was made about them: "We have held this statute to be mandatory in form. ... The appellants were therefore mandatorily required to furnish to the appellee treatment of his injury for such period as the nature of the injury or the process of recovery might require." Here again the Court recognized that medical expenses are unlimited in time and amount.

In Gibbs v. Bass, 237 Miss. 823, 116 So. 2d 542 (1959), claimant was permanently and totally disabled, requiring medical treatment for the remainder of his life. He petitioned the Commission for an adjudication of his right to receive medical attention for such period as the nature of the injury may require. At the time of hearing the carrier had paid all outstanding medical expenses. This Court affirmed dismissal of the petition, since there was no justiciable controversy. It was said that, until there has been a default in furnishing medical services, the one-year statute for reopening would not begin to run. Trehern v. Grafe Auto Co., 232 Miss. 854, 100 So. 2d 786 (1958), held only that the act puts the same period of limitation on the payment of medical as well as on compensation benefits, insofar as the reopening statute was concerned. See also International Company v. Evans, 140 So. 2d 271 (Miss. 1962).

A majority of the states appear to have unlimited medical benefits under workmen's compensation acts, but of course the medical expenses must be the result of the work-connected injury. Some restrict them drastically in time and amount. See 2 Larson, Workmen's Compensation Law, p. 542. The Mississippi Act is in the former category. Moreover, this interpretation is

consistent with the terms of Sec. 7 and with earlier constructions of it. The several cases cited by appellants deal with statutes containing different terminology and a contrary legislative intent.

The allowance of a commuted lump sum payment and the receipt of such payment did not amount to a discharge of the carrier from its continuing obligation to furnish medical expenses resulting from the injury on the job. Section 13 (j) of the Act does not affect the obligation of the carrier to afford medical benefits. Miss. Code 1942, Rec., Sec. 6998-19 (j). The formula prescribed in that section does not take into account the necessity or probability of future medical expenses subsequent to the lump sum payment. It comprehends the probability of death and probability of remarriage of a widow. ''The probability of the happening of any other contingency affecting the amount or duration of the compensation shall be disregarded.''

Hence Sec. 13 (j) makes no allowance, in computing the lump sum by the formula it prescribes, for future medical benefits. The latter are separate and distinct and are not calculated in determination of the maximum amounts afforded under the Act. Sec. 13 (j) was designed to substitute a commuted lump sum in the place of periodical or weekly payments, whenever this was found to be in the best interest of the claimant. It gives no consideration to future medical benefits. This is confirmed by the holding in Armstrong Tire and Rubber Company v. Franks, 242 Miss. 792, 137 So. 2d 141 (1962), which distinguished a commuted lump sum payment from a compromise settlement under Sec. 9 (i). It held the former was not contractual or binding upon claimant, and was subject to being reopened under Sec. 21.

Hood's cross-appeal asserts that the Commission and the circuit court erred in failing to include in the amount

of the judgment and award an allowance of the twenty per cent penalty, under Sec. 13 (f) of the Act, Code Sec. 6998-19 (f): "If any installment, payable under the terms of an award, is not paid within fourteen (14) days after it becomes due, there shall be added to such unpaid installment an amount equal to twenty per centum (20%) thereof, which shall be paid at the same time as, but in addition to, such compensation, unless review of the compensation order making such award is had."

 █ The statute provides for a penalty on "any installment, payable under the terms of an award." This has reference to weekly installments of compensation benefits, according to its own terms, and not to medical expenses. The word "installment" mean "a portion of a debt or sum of money which is divided into portions that are made payable at different times." Webster's International Dictionary (2d Ed.) p. 1287. Medical expenses do not fall within this definition. Moreover, provisions for penalties are strictly construed. Doubtful questions as to them are resolved in favor of the one against whom the penalty is sought. Dunn, Mississippi Workmen's Compensation, Sec. 188.1; T. C. Fuller Plywood Company v. Moffett, 231 Miss. 382, 95 So. 2d 475 (1957). See Sunnyland Contracting Co., Inc. v. Davis, 221 Miss. 744, 756, 74 So. 2d 858, 75 So. 2d 638, 923 (1954); Goodnite v. Farm Equipment Company, 234 Miss. 342, 356, 103 So. 2d 391, 106 So. 2d 683 (1958).

In short, this case is affirmed on direct and cross-appeals. The penalty under Sec. 13 (f) is denied. Appellee's motion for five per cent statutory damages is sustained. Miss. Code 1942, Rec., Sec. 1971. His motion for interest on unpaid medical expenses is also sustained, and, on remand to the Commission, such interest shall be determined and calculated by it upon the amounts accrued to the date of affirmance in this Court.

Affirmed on direct and cross-appeals and remanded; motion for allowance of five percent statutory damages and interest sustained.

*Lee, P. J.,* and *Kyle, McElroy* and *Rodgers, JJ.,* concur.