**Bobbie Lee PUSEY, Plaintiff,**

**v.**

**Paul REED, Defendant.**

Superior Court of Delaware.

Kent.

Oct. 10, 1969.

James H. Hughes, III, Dover, for plaintiff.

Glenn C. Kenton, of Brown, Shiels & Barros, Dover, for defendant.

## OPINION

STOREY, Judge.

This is an action for damages resulting from defendant attorney's alleged malpractice in failing to perfect an appeal from a decision of the Industrial Accident Board denying plaintiff's petition for review of compensation. Plaintiff was injured in an industrial accident in May of 1957 and received the last of his weekly compensation benefits on July 28, 1957. On December 31, 1957, plaintiff was treated by a doctor whose bill was paid by plaintiff's employer's compensation carrier in January of 1958. On December 26, 1962 defendant, acting as plaintiff's attorney, filed a petition for review of compensation based on recurring ailments of plaintiff which were attributable to the May 1957 industrial accident. This petition was dismissed by the Industrial Accident Board, apparently on the basis that payment of the medical bill in January of 1958 was not "compensation" within the meaning of 19 Del.Code, Sec. 2361(b) so as to toll the statute of limitation until January of 1963. It is conceded that no appeal from this decision was filed and that any further direct proceedings for review of compensation would now be barred. Both parties filed motions for summary judgment and subsequently withdrew them due to a disputed factual issue of whether there was an agreement to file an appeal. Defendant attorney then renewed his motion, contending that, even if there was an agreement to appeal the Board decision, he could not be liable, since such an appeal could not have been successful.

There are two issues in this case: First, where there is an agreement by an attorney to lodge an appeal for a client and a negligent failure by the attorney to do so, must the client prove that the appeal, if filed, would have been successful in order to recover damages for malpractice, and second, where weekly compensation payments to an employee for indus-

trial injuries have been terminated, and the employee is subsequently treated by a doctor whose bill is paid by the employer's carrier, does this payment constitute "compensation" under 19 Del.Code, Sec. 2361 (b) so as to extend the time limitation for seeking further review of compensation?

█ In order to recover for an attorney's malpractice, the client must prove the employment of the attorney and the attorney's neglect of a reasonable duty, as well as the fact that such negligence resulted in and was the proximate cause of loss to the client. Niosi v. Aiello, 69 A.2d 57, 60 (Mun.Ct.App.D.C.1949); see also 45 A.L.R.2d 19, Sec. 5(a) and cases cited therein. As stated in Sec. 5(b) of 45 A.L.R.2d at p. 21:

"In the great majority of the cases which have passed upon the questions it has been held that a client claiming that his attorney was negligent in connection with litigation has the burden of proving that damages resulted, this burden involving, usually, the difficult task of demonstrating that, but for the negligence complained of, the client would have been successful in the prosecution or defense of the action in question." (Citations omitted).

█ In accordance with this general rule, where the negligence relied upon is a failure to take an appeal, it must be shown that, if an appeal were taken, a more favorable result would have been reached. See 7 Am.Jur.2d 149, Attorneys at Law, Sec. 172; 45 A.L.R.2d 55, Sec. 22, and cases cited therein. Thus, for plaintiff client to recover in the instant case, it must be shown that an appeal from the decision of the Industrial Accident Board, if taken, whould have been successful.

The success of an appeal in the instant case is dependant upon the payment of the doctor's bill for treatment rendered plaintiff on December 31, 1957 constituting

"compensation" under 19 Del.Code, Sec. 2361(b). Section 2301 defines "compensation" as including " * * * surgical, medical and hospital services, medicines and supplies * * *". The only relevant Delaware case is Bethlehem Shipbuilding Corporation v. Mullen, 119 A. 314 (Del.Super.1922). The facts in this case arose prior to the amendment to the predecessor of Section 2301 which included medical treatment within the definition of "compensation". In commenting upon the amendment, although finding it inapplicable, the Court stated at p. 318 of the opinion:

"If the effect of this is to fix the stamp of compensation upon all medical services furnished an injured employee by his employer, and we do not hold that it does, it would not be binding in this case for the reason that the amendment became a law subsequently to the injury to Mullen and after the company's physician had ceased to treat him. If the effect of the amendment should be as stated by the Board, then it must be considered as a material change in the then existing law, and not merely declaratory of the law as it existed prior to its enactment.

"Under our view of the law, whether payments are or are not compensation is a question of fact to be determined from the evidence, * * *."

It is the general rule in the majority of other states that furnishing medical services by an employer is equivalent to the payment of compensation. Graeber Bros., Inc. v. Taylor, 237 Miss. 691, 115 So.2d 735, 738, 117 So.2d 469 (1959); see also Larsons, Workmens Compensation Law, Sec. 78.43(b) p. 270–271, and cases cited therein. Likewise, medical treatment paid for by the employer is ordinarily regarded as compensation, although the question of whether such payment was made on account of workmen's compensation is one of fact. Riccioni v. American Cyanamid Co., Calco Chem. Div., 26 N.J.Super. 1, 96 A.2d 765, 767, 768 (1953).

Defendant submitted an additional argument in favor of his motion for summary judgment based on the language of 19 Del.Code, Sec. 2361(b), asserting that payment of the medical bill in January of 1958 may not constitute "compensation" within that section since that payment was not made " * * * under an agreement approved by the Board, or by an award of the Board" nor was a proper receipt for the payment filed with the Board.

Sec. 2361(b) provides:

"(b) Where payments of compensation have been made in any case under an agreement approved by the Board, or by an award of the Board, no statute of limitation shall take effect until the expiration of five years from the time of the making of the last payment for which a proper receipt has been filed with the Board."

Notwithstanding the fact that the furnishing of medical services is equivalent to the payment of compensation, [Graeber Bros., Inc. v. Taylor, 237 Miss. 691, 115 So.2d 735 (1959); see also Larsons, Workmens Compensation Law, Sec. 78.43(b) p. 270–271, and cases cited therein], the fact that the January 1958 payment in this case was not made under an agreement approved by the Board or by an award by the Board and that no receipt for the payment was filed with the Board, precludes this payment from being characterized as "compensation" within the meaning of Section 2361(b). Although an employer by his actions may not lull an employee into inaction and loss of standing to make a claim, Ruddy v. I. D. Griffith & Co., 237 A.2d 700 (Del.Supreme Ct.1968) the January 1958 payment in this case by the employer cannot be said to have had this effect. As harsh upon the claimant as this interpretation may be, this Court may not,

under the guise of liberal interpretation, give plain and unambiguous words in a workmen's compensation statute something other than the usual and accepted meaning. Stellmah v. Hunterdon Co-op. G.L.F. Serv., Inc., 88 N.J.Super. 131, 211 A.2d 201, reversed on basis of Quebec Law, 47 N.J. 163, 219 A.2d 616 (1966); Czepukaitis v. Philadelphia & Reading Coal & Iron Co., 203 Pa.Super. 493, 201 A.2d 271 (1964).

Accordingly, since an appeal of the decision of the Industrial Accident Board would not have been successful, defendant's Motion for Summary Judgment is hereby granted.[1]

It is so ordered.

1. Although attorney for plaintiff was requested on day of argument to submit memorandum on question of plaintiff's failure to comply with the provisions of 19 Del.Code, Sec. 2361(b), and at various other times, he failed to do so, and this decision is made without benefit of memorandum on behalf of the plaintiff on this question.