342 So.2d 317 (1977)
SPEED MECHANICAL, INC., and Maryland Casualty Company
v.
Wesley H. TAYLOR.
No. 49136.
Supreme Court of Mississippi.
February 16, 1977.
*318 Daniel, Coker, Horton, Bell & Dukes, Joel W. Howell, III, Jackson, Donald V. Burch, Gulfport, for appellants.
Albert Dickens, Jr., Jackson, for appellee.
Before PATTERSON, ROBERTSON and BROOM, JJ.
BROOM, Justice, for the Court.
Workmen's compensation medical benefits were denied employee (Taylor, appellee) by the Administrative Judge on the ground that the two year statute of limitations [Miss. Code Ann. § 71-3-35(1) (1972)] barred the claim. Taylor appealed to the entire Workmen's Compensation Commission which (by split decision) reversed the Administrative Judge and ordered payment of medical benefits. Then the employer, Speed Mechanical, Inc., and insurance carrier, Maryland Casualty Company (appellants), appealed to the Circuit Court of the First Judicial District of Hinds County, which affirmed the Commission's ruling in favor of the employee. We reverse.
The dispositive issue is: Does the two year statute of limitations in Mississippi Code Annotated § 71-3-35(1) (1972), bar Taylor's claim for medical benefits? The pertinent part of § 71-3-35(1) provides:
... Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made and no application for benefits filed with the commission within two years from the date of the injury or death, the right to compensation therefor shall be barred.
FACTS: In May 1971, employee (appellee, Taylor) a plumber, accidentally fell during the course of his employment with Speed Mechanical, Inc. Taylor's serious mouth injuries required extensive dental surgery and treatment. He lost no wages or pay on account of his injuries and has filed no claim for such. In August 1971, the carrier paid the sum of $1,225, representing one lump sum dental bill. Thereafter Taylor apparently received further adjustments and attention to his dental situation. He filed no claim for workmen's compensation benefits until more than two years later, when in November 1973 he filed a claim (at issue here) for additional medical benefits. He argues that under § 71-3-35(1) his failure to file his claim for additional medical benefits for over two years only bars him from "lost time subsidy" compensation, and does not bar additional medical benefits applied for in November 1973. Appellants contend that inasmuch as the employee received no payment of compensation (other than for medical treatment) and made no application for benefits "within two years from the date of injury" the claim is barred as to all benefits.
Compensation is defined by Mississippi Code Annotated § 71-3-3(j) (1972), as:
[T]he money allowance payable ... as provided in this chapter, and includes funeral benefits... .
This definition makes no reference to medical payments. However, it is clear from the language "other than medical treatment ..." in § 71-3-35(1), that the legislature construed medical payments to be within the meaning of "payment of compensation" unless specifically excepted *319 therefrom. Graeber Bros., Inc. v. Taylor, 237 Miss. 691, 115 So.2d 735, sugg. of error overruled 237 Miss. 702, 117 So.2d 469 (1960).
Our rule is that we liberally interpret the workmen's compensation law in favor of claimants in doubtful cases, but we cannot amend a statute or excuse non-compliance with prerequisite conditions imposed by the legislature. Ingalls Shipbuilding Corp. v. Byrd, 215 Miss. 234, 60 So.2d 645 (1952), held an employee's claim for medical expenses barred by his failure to seek payment as required by the statute.
Language in Trehern v. Grafe Auto Co., 232 Miss. 854, 100 So.2d 786 (1958), is pertinent:
Section 6998-18 [now § 71-3-35] in paragraph (a) puts a limitation of two years on all claims, but nowhere in the compensation act is there any specific limitation on claims for medical benefits.
However, what we are asked to do on this appeal is to simply hold that a claim for medical benefits under the act is never barred. Viewing the act as a whole we are of the opinion that it was the intention of the legislature to put the same period of limitation on the payment of medical benefits as it has put on the payment of compensation. This is in accord with the decisions in other states. (232 Miss. at 857; 100 So.2d at 787).
See also, Childs v. Mississippi Industries for Blind, 184 So.2d 872 (Miss. 1966); Modern Laundry v. Harrell, 246 Miss. 463, 150 So.2d 409 (1963); Thyer Mfg. Co. v. Keys, 235 Miss. 229, 108 So.2d 876 (1959).
By means of the employee's answer to interrogatory number seven propounded to him by his employer and carrier, the record shows that April 25, 1973, "was the date of the last treatment received by" the employee for which payment was made by either the employer or carrier. Nevertheless, it is without dispute that the employee did not receive as set forth in § 71-3-35(1) within two years from the date of the injury (emphasis added) payment of compensation "other than medical" treatment. Dunn, Mississippi Workmen's Compensation Law and Practice § 259 (1967), states:
The two year and the one year statute of limitations must be compared and differentiated, since the one is exclusive of the other.
The two year statute applies only where no workmen's compensation is paid, other than for medical treatment or burial expense. If workmen's compensation is paid within two years, the two year statute is thereby erased.
.....
While the running of the two year statute is not affected by the payment of medical or funeral benefits, the one year statute for reopening claims is tolled by furnishing or agreeing to furnish such benefits prior to the expiration of the time limit.
Employee Taylor urges that under Miss. Code Ann. § 71-3-53 (1972), payment may be awarded by the Commission since less than one year has passed since the payment of the last medical payments by the insurance company and the filing of this claim. However, his brief quotes only a portion of § 71-3-53, and omits its first three lines which set forth the conditions for such an order by the Commission. § 71-3-53 states:
Upon its own initiative or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation. (Emphasis added).
Here there has not been shown or alleged a change in conditions or mistake in determination of fact upon which to grant a review. Furthermore, there cannot be a "re-view" where there has been no first *320 "view." Prior to the Commission's action appealed from, the instant claim had never been before the Commission and obviously the Commission's award was not a review.
The two year statute is not to be confused with the one year statute. Numerous reported cases deal with one year statute situations, wherein the one year statute [§ 71-3-53] commences running from the date of the last payment of compensation, whether weekly indemnity benefits or medical benefits. In contradistinction, the two year statute [§ 71-3-35(1)] expressly states that it runs from the date of the injury. As pointed out in Graeber Bros., Inc., supra, the two year statute clearly indicates that the legislature considered medical treatment as a payment of compensation; and, in special instances where medical only is paid, the legislature has provided that two years from the date of the injury is a sufficient period of time in which to either file a claim for compensation, or be barred therefrom. The bar of the two year statute cuts off the rights to all compensation (lost time subsidy, medical and funeral expenses) and does not except from its operation anything. To hold otherwise would make a claim for funeral benefits recoverable even though many years pass without filing a claim therefor. An exception to the two year statute is a situation where the injury is latent and not "reasonably apparent" as in Struthers Wells-Gulfport, Inc. v. Bradford, 304 So.2d 645 (Miss. 1974). There Mrs. Bradford suffered a spider bite and her resulting disability was not reasonably apparent for more than two years. The instant case presents no such latent or unknown aspect.
Our judgment is that the employee's claim for the additional medical benefits is barred. The Administrative Judge correctly denied the claim, and the circuit court erroneously affirmed the action of the Commission which ordered payment of benefits.
REVERSED AND RENDERED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and LEE, JJ., concur.