412 So.2d 1193 (1982)
James O. BARR
v.
CONOCO CHEMICALS, INC., and Hartford Insurance.
No. 53083.
Supreme Court of Mississippi.
April 21, 1982.
Roy O. Parker & Associates, Nora J. Hall, Tupelo, for appellant.
Sumners, Hickman & Rayburn, S.T. Rayburn, Richard C. Coker, Oxford, for appellee.
En Banc.
ROY NOBLE LEE, Justice, for the Court:
This is an appeal by James O. Barr from the Circuit Court of Monroe County, Honorable Thomas J. Gardner, III, presiding, involving a workmen's compensation claim.
Barr received an injury August 28, 1975, which resulted in the loss of his lower right leg. There was no dispute as to the accident being work-related and in the scope of his employment. He was fitted with a prosthetic device (artificial leg) and a lump-sum settlement was entered into under Mississippi Code Annotated Section 71-3-37 (1972).
Prior to the 13(j) settlement, on June 6, 1976, Barr filed a motion to controvert, which was not answered by the employer until November 26, 1979. After the settlement, Final Report and Settlement Receipt (Form B-31) was filed September 6, 1977.
On October 8, 1979, Barr filed a motion to require the employer to provide medical treatment to obtain a substitute prosthesis, the original having become unserviceable. In a letter dated October 24, 1979, a representative of the Commission required the employer to reply to the motion and advised that the order approving the lump-sum payment had not dismissed claimant's motion to controvert and the matters raised in the motion to controvert were still pending.
The matter was heard by the Administrative Judge, who held that the claim for additional medical benefits, to-wit, the prosthesis, was barred by the one-year statute of limitations. On appeal to the Commission, the holding was vacated and the Commission ordered additional benefits on the ground that, no answer having been filed to the motion to controvert, the cause was still *1194 pending and the statute had not been tolled.[1] The briefs of the parties did not address the basis of the Commission holding or the circuit court order reversing the Commission, which order did not state the reason for reversal.
The question now presented is whether or not the one-year statute of limitations bars a claimant who has required no medical treatment or service for a period of one year subsequent to the last treatment or payment of medical benefits, and has no need for medical treatment, in this case a new prosthetic device, until more than one year has elapsed since the last medical payment.
Mississippi Code Annotated Section 71-3-53 (1972) contains the one-year statute of limitations, which provides as follows:
Upon its own initiative or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation... .
Dunn's Mississippi Workmen's Compensation (2d ed. 1967) § 347, at 478-479, states:
§ 347. Claims barred by limitations.  While medical benefits are allowed without limit in nature, amount or cost, claims for such benefits are subject to the same statutes of time limitations as claims for compensation payments. Thus, after a compensation case is closed in a manner sufficient to start the running of the statute of limitations upon reopening the case, a claim for additional medical benefits filed after the statutory time has run is barred. If medical benefits are supplied or authorized after the case is closed and within the one year allowed for reopening the case, or if a claim for additional benefits is filed with the Commission within such time, this tolls the statute. On the other hand, once the claim has been barred, it will not be revived and a new period set in motion by the furnishing of medical services after the claim period has run.
The claimant here relies upon Mississippi Code Annotated Section 71-3-15 (1972), which provides for medical treatment and prosthetic devices, as follows:
The employer shall furnish such medical, surgical, and other attendance or treatment, nurse and hospital service, medicine, crutches, artificial members, and other apparatus for such period as the nature of the injury or the process of recovery may require.
Mississippi cases which discuss the question here follow:
[1] Speed Mechanical, Inc. v. Taylor, 342 So.2d 317 (Miss. 1977), held Section 71-3-3(j) defines "compensation" but makes no reference to medical payments. It is clear from the language "other than medical treatment" in Section 71-3-35(1) that the Legislature construed medical payments to be within the meaning of "payment or compensation" unless specifically excepted therefrom. [342 So.2d at 318]
Graeber Bros., Inc. v. Taylor, 237 Miss. 691, 115 So.2d 735 (1959), sugg. of error overruled, 237 Miss. 702, 117 So.2d 469 (1960) held:
The general rule in the majority of the states is that the furnishing of hospital and medical services is equivalent to or is the payment of compensation to the employee. So, in the case of Oklahoma Furniture Mfg. Co. v. Nolen, 164 Okla. 213, 23 P.2d 381, a case where the claimant was not paid monetary compensation but was furnished medical treatment, the Court said that "* * * the furnishing of medical treatment recognizes liability and constitutes the equivalent of the payment of compensation and is sufficient to toll the statute. We are unable to draw a *1195 legal distinction between the voluntary payment of compensation and the furnishing of medical treatment. The reasoning permitting the one to toll the statute of limitations is applicable to the other. Both are indicative of the same thing, the recognition of liability * * *."
* * * * * *
For the reasons given above we are of the opinion that the payment of medical expenses is a part of and is equivalent to the payment of compensation. The Mississippi law was copied in large from the Arkansas act and as we have herein above indicated, the Arkansas Court in construing its act definitely placed medical and hospital services in the same category as the payment of monetary benefits to the injured party. We think that the same rule should prevail here and for the reasons given, the judgment of the lower court should be and it is hereby affirmed and the cause is remanded to the commission for supervision of the payment of the benefits due. [237 Miss. at 698, 702; 115 So.2d at 738, 740].
Graeber Bros., Inc. quoted numerous cases from other jurisdictions wherein the same holding was expressed.
Trehern v. Grafe Auto Co., 232 Miss. 854, 100 So.2d 786 (1958) stated:
It is our opinion that the legislature of Mississippi intended to put some limit on the time when a claim for medical benefits could be filed and it seems reasonable to us that they intended to put the same limit as they did put on a claim for compensation. Under this view the judgment of the lower court must be affirmed. If the Legislature intended to put a different period of limitation on the recovery of medical expenses, they should amend the compensation act and put such period on it as they think is fair and just. [232 Miss. at 859-860; 100 So.2d at 788-789].
The claimant sub judice relies upon Gibbs v. Bass, 237 Miss. 823, 116 So.2d 542 (1959). There, the claimant had drawn all compensation payments to which he was entitled, but he required medical benefits for the rest of his life. He was apprehensive that the one-year statute of limitations would bar him from those benefits and he filed a claim in the nature of a suit for declaratory judgment. The Court said:
[T]he furnishing of medical services and supplies will toll the statute of limitation so that the same will not take effect until the employer or carrier is in default in the obligation to furnish the same "for such period as the nature of the injury or the process of recovery may require."
... This case was argued on the day that the opinion was rendered in the case of Graeber Bros., Inc., v. Taylor, supra, [237 Miss. 691, 115 So.2d 735 (1959)] and from that case it will be found that the claimant is unduly fearful in regard to his future rights for medical services and supplies becoming barred at the time of the expiration of the statute of limitation from and after the last payment of monthly installments of compensation in May, 1957, since this statute will be tolled during such period as the appellees shall continue to furnish such medical services and supplies, ... [237 Miss. at 827-828, 116 So.2d at 544-545].
[2] Gibbs is distinguished from the case sub judice in that there the employer/carrier had been furnishing medical benefits and the claimant was fearful that, upon the last payment of compensation, such benefits would be barred one year hence. The Court held that refusal of the employer/carrier to pay further medical benefits would result in default and claimant had one year from that default to enforce the payments. In the present case, the employer/carrier was not in default during a period of one year since last furnishing medical benefits and claimant had no reason to request such medical benefits within that one-year period because he had no need for them.
The statute does not cover a situation such as is presented here. While a claimant may not require medical services or a prosthesis for a period of twelve (12) months, probably the device will become unserviceable and he will need a new prosthesis and medical treatment every two (2) or three (3) *1196 years. It is conceivable that a paraplegic, and persons sustaining various other types of injuries, may not need medical services for a period of two or more years from the last payment for same, but will require such benefits at intervals during the remainder of their lives.
Although the statute allows claimants medical benefits as long as they require them, they are also barred by the statute, when they have not requested and enforced payment of same within every twelve-month period. Under present decisions, the only way claimants can protect themselves is to request medical benefits, or new (repaired) prosthetic devices, within every twelve-month period for the rest of their lives, or they will lose those benefits.
We think that the best rule would be for the claimant to petition for medical benefits when there is a need for same and to prove the connection between his injury and the necessity for benefits. In the event the employer/carrier decline to furnish same, this will amount to default, and the claimant will have one year from that default in which to enforce the payment of same. However, this is a matter which must be addressed by the Legislature through appropriate action.
The judgment of the lower court is affirmed, and the order of the Administrative Judge is reinstated as the order of the Commission.
AFFIRMED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, BOWLING, HAWKINS, DAN M. LEE and DARDEN, JJ., concur.
NOTES
[1] We find no merit in this ruling of the Commission.