852 So.2d 28 (2002)
Mary C. JORDAN, Appellant,
v.
PACE HEAD START and Mississippi Casualty Insurance Company, Appellees.
No. 2001-WC-00608-COA.
Court of Appeals of Mississippi.
May 14, 2002.
*29 Penny Jones Alexander, Petal, attorneys for appellant.
John S. Gonzalez, Michael McHenry, Jackson, Shane Curtis Whitfield, attorneys for appellees.
Before SOUTHWICK, P.J., THOMAS, and IRVING, JJ.
THOMAS, J., for the court.
¶ 1. Mary Carolyn Jordan claimed that she made a timely notification of her work-related injury on August 2, 1995. Pace Head Start (Pace) and Mississippi Casualty Insurance Company (the carrier) contested this claim, stating that it was barred by the two year statute of limitations. On August 17, 1999, Judge Lydia Quarles ruled in favor of Pace and the carrier and dismissed the claim with prejudice. That order was later affirmed by the Mississippi Workers' Compensation Commission and by the Forrest County Circuit Court. Aggrieved, Jordan asserts the following error:
JORDAN'S MEDICAL BENEFITS FOR A WORK RELATED INJURY SHOULD HAVE CONTINUED FOR SUCH PERIOD OF TIME AS THE NATURE OF HER INJURY REQUIRED.
Finding no error, we affirm.

FACTS
¶ 2. Jordan is employed as a data entry clerk with Pace Head Start. Jordan claims that she notified Pace that she had sustained a work-related injury on August 2, 1995. Jordan has not missed work as a result of her injury. On September 8, 1995, Pace filed a B-3 report of injury with the carrier. Jordan began receiving medical treatment for her condition in 1995. On November 22, 1996, the carrier ended its coverage for Pace.
¶ 3. On February 17, 1999, Jordan filed a petition to controvert, or a MWCC Form B5-11, with the Mississippi Workers' Compensation Commission against Pace and the carrier. Jordan claimed that she made a timely notification of her work-related injury on August 2, 1995. Pace and the carrier contested this claim, stating that it was barred by the two year statute of limitations. On August 17, 1999, Judge Lydia Quarles ruled in favor of Pace and the carrier and dismissed the claim with prejudice. That order was later affirmed by the Mississippi Workers' Compensation *30 Commission and by the Forrest County Circuit Court.

STANDARD OF REVIEW
¶ 4. When a decision of the Commission is based upon substantial evidence, an appellate court is bound by the Commission's finding of fact. Harper v. North Mississippi Med. Ctr., 601 So.2d 395, 397 (Miss.1992). Further, this Court uses a de novo standard of review when passing on questions of law including statute of limitations issues. Ellis v. Anderson Tully Co., 727 So.2d 716, 718 (Miss.1998).

ANALYSIS
¶ 5. The Mississippi Workers' Compensation Act states that:
No claim for compensation shall be maintained unless, within thirty (30) days after the occurrence of the injury, actual notice was received by the employer or by an officer, manager, or designated representative of an employer. If no representative has been designated by posters placed in one or more conspicuous places, then notice received by any superior shall be sufficient. Absence of notice shall not bar recovery if it is found that the employer had knowledge of the injury and was not prejudiced by the employee's failure to give notice. Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expenses) is made and no application for benefits filed with the commission within two (2) years from the date of the injury or death, the right to compensation therefore shall be barred.
Miss.Code Ann. § 71-3-35(1) (Rev.1995). It is clear that this two year statute runs from the time of injury and applies in instances where there has been no payment of disability income benefits or nonburial death benefits. Id. In the case at hand there were no disability or death benefits paid. Therefore, the two year statute applies.
¶ 6. The case at hand is very similar to Speed Mechanical Inc. v. Taylor, 342 So.2d 317 (Miss.1977). In Speed, the claimant sustained a work-related injury in May of 1971. Id. The employer provided medical benefits while the claimant lost no wages and filed to claim for indemnity or disability benefits. Id. On November 1, 1973, the claimant failed to file a claim for additional medical benefits. Id. Our supreme court found that this claim was barred by the two year statute of limitations, stating "it is without dispute that the employee did not receive as set forth in Sec. 71-3-35(1) within two years from the date of injury payment of compensation `other than medical' treatment." Id. at 319. The same holds true in the case at hand.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY IS AFFIRMED. ALL COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.