SMITH, Justice.
This is an appeal from a judgment of the Circuit Court of Attala County rendered in a workmen’s compensation case in which Mrs. Lois P. Frazier, appellee, was the claimant, and appellants, The Lawrin Company and United States Fidelity and Guaranty Company, were the employer and insurance carrier, respectively.
On December 30, 1961, Mrs. Frazier sustained a lower back injury in the course of her employment by The Lawrin Company. This was diagnosed upon examination, which included the use of a myelogram, as herniated intervertebral discs at the L-4 and L-5 levels. Following the filing of a claim for compensation a number of hearings were held which culminated on April 16, 1964, in an order by the full Workmen’s Compensation Commission directing payment of compensation upon the basis of permanent total disability.
The substance of the medical evidence is that the condition may be effectively repaired, but only through a surgical procedure known as a laminectomy, the essentials of which apparently consist in the surgical removal of the damaged interver-tebral discs and fusion of the adjacent vertebrae by insertion of bone plugs excised from some other part of the anatomy.
Upon medical evidence, chances of a successful operation were estimated at some ninety percentum, and, also according to medical opinion, if the operation proved successful, disability would be reduced to some fifteen to twenty percentum of the body as a whole and the patient probably would be able to return to gainful employment. The operation described is, of course, major surgery and attended by a certain amount of danger.
*549 On July 13, 1964, claimant applied for what is commonly referred to as a “13(j) lump sum settlement” under the provisions of Mississippi Code 1942 Annotated section 6998—19(j) (1952).
On July 24, 1964, the commission ordered the 13(j) lump sum settlement, the amount of which was calculated upon the basis of claimant’s rating as permanently and totally disabled. This award was paid by the employer-carrier. Immediately following receipt of payment, claimant requested additional medical benefits in the form of the surgery which she had theretofore steadfastly and repeatedly declined to undergo. The commission, by a two-to-one vote, granted the request and directed the employer-carrier to provide these medical benefits. This order was affirmed upon appeal to the circuit court.
The narrow issue presented upon this appeal may be stated, in brief, as follows: Having requested and received payment of a 13(j) lump settlement calculated upon the basis of permanent and total disability, and having, throughout the years which had elapsed since the injury, repeatedly and steadfastly refused surgery which would, in medical opinion, substantially reduce her disability below the total disability upon the basis of which she had now received payment and which, in all probability, would enable her to return to work, is the claimant thereby now estopped to demand additional medical payments from the employer-carrier for the surgery she had previously declined ?
The dissenting commissioner thought that she was.
In a dissenting opinion, he said, quoting the attorney-referee:
[Djisc surgery has been recommended, tendered, and refused throughout the period of treatment and litigation; that immediately after applying for and receiving permanent and total disability benefits in a lump sum, claimant requested a disc operation; that her disability following a successful surgical procedure and recovery will be considerably less than total; and that no fraud has been perpetrated on defendants by claimant.

He said further:
According to Dunn, supra, [Dunn, Mississippi Workmen’s Compensation § 212 (Supp.1965)] 90% of those who have had disc operations were enabled to return to their former employment. Of this number, 90% could be expected to have some residual limitation of motion and a modest degree of disability, but not sufficient to interfere with the patient’s normal work activity. Had this patient agreed to disc surgery when it was first recommended, she would presently, in all probability, be back in the labor market in a job similar to the one she had prior to her injury. If the ruling of the majority of the Commission is followed, then the very purpose of having unlimited medical will be defeated, for claimants will be encouraged to refuse the best treatment in order to be awarded compensation for a greater wage earning loss than would be rendered with the best treatment. The principal of estoppel should prevent this from occurring.
The employer should not be expected to provide the surgery now requested after having paid compensation benefits for permanent and total disability. The law certainly does not contemplate injured employees requiring employers to pay maximum benefits for partial disability. If this had been the case, the Legislature would have so stated in the law.
The substance of appellants’ position upon this appeal could not, perhaps, be more clearly stated. Appellee takes the view, however, that the case is controlled by J. H. Moon & Sons v. Hood, 244 Miss. 564, 144 So.2d 782 (1962).
In Moon there was effected a 13(j) lump sum settlement. Medical expenses *550 were paid by the employer-carrier to the date of the settlement, but they declined to pay such expenses incurred afterward. Hood then filed a claim for additional medical benefits. The commission affirmed the attorney-referee’s grant of the additional relief and held that the Workmen’s Compensation Act required payment of medical expenses “for such period as the nature of the injury or the process of recovery may require.” On appeal, the circuit court affirmed the order of the commission.
In disposing of the appeal here by the employer-carrier, this Court said:
The allowance of a commuted lump sum payment and the receipt of such payment did not amount to a discharge of the carrier from its continuing obligation to furnish medical expenses resulting from the injury on the job. Section 13(j) of the Act does not affect the obligation of the carrier to afford medical benefits. Miss. Code 1942, Rec., Sec. 6998-19(j). The formula prescribed in that section does not take into account the necessity or probability of future medical expenses subsequent to the lump sum payment. It comprehends the probability of death and probability of remarriage of a widow. “The probability of the happening of any other contingency affecting the amount or duration of the compensation shall be disregarded.”
Hence Sec. 13(j) makes no allowance, in computing the lump sum by the formula it prescribes, for future medical benefits. The latter are separate and distinct and are not calculated in determination of the maximum amounts afforded under the Act. Sec. 13(j) was designed to substitute a commuted lump sum in the place of periodical or weekly payments, whenever this was found to be in the best interest of the claimant. It gives no consideration to future medical benefits. This is confirmed by the holding in Armstrong Tire and Rubber Company v. Franks, 242 Miss. 792, 137 So.2d 141 (1962), which distinguished a commuted lump sum payment from a compromise settlement under Sec. 9(i). It held the former was not contractual or binding upon claimant, and was subject to being reopened under Sec. 21. (Id. at 571, 144 So.2d at 784)
We find no element of estoppel. The attorney-referee and commission found that claimant was not guilty of fraud. She exercised a clear statutory right in applying for a 13 (j) settlement, and was fully warranted in accepting it when ordered by the commission. Under the intentionally liberal but clear terms of the act this did not preclude her from claiming additional medical benefits.
We are constrained to conclude that we are faced with determining the effect of a plain statute rather than a question as to whether there has been a breach of ordinary rules of fair play, although these are deeply ingrained in venerable Anglo-Saxon tradition. A logical and persuasive argument upon the latter can be made and has been made by appellants’ counsel. But here we are confronted with a clear statutory method for commuting weekly disability benefit payments into one lump sum payment. The statute limits and names the only matters which may be considered in arriving at the amount and forbids expressly the consideration of any other. We think that if relief is to be obtained from the result of the combination of events such as those discussed in the present case, it must come from an amendment of the statute by the legislature and not from the courts.
Affirmed.
ETHRIDGE, C. J., and RODGERS, JONES and INZER, JJ., concur.
GILLESPIE, P. J., and BRADY, PATTERSON and ROBERTSON, JJ., dissent.