GILLESPIE, Chief Justice:
In this workmen’s compensation case the claimant sustained an accident while in the course of his employment, resulting in total disability from a ruptured or extruded disc in the lower part of his spine. The employer and workmen’s compensation carrier admitted that the claimant sustained an injury which arose out of and in the course of his employment. The employer and carrier moved to order suspension of future payments of compensation because of the alleged unreasonable refusal of claimant to *912 submit to recommended medical treatment consisting of myelographic studies and surgery.
The Workmen’s Compensation Commission found that the claimant had been permanently, totally disabled since the date of the accident and that all compensation and medical benefits had been paid. It found that medical and surgical treatment in the form of myelographic studies and surgery had been recommended and “would most probably affect a substantial improvement in claimant’s condition.” It further found, contrary to the findings of the attorney referee, that the medical and surgical treatment recommended for the claimant was not of a simple character but was a major operation involving some risk and some pain; that claimant having been informed of the nature of such procedures was genuinely afraid to undergo such operation, and that his refusal to submit to the recommended surgical and medical procedures was not unreasonable.
The first question raised by the employer and carrier is that claimant’s refusal to undergo surgery was unreasonable. The statute provides that if the employee unreasonably refuses to submit to medical or surgical treatment, the commission shall, by order, suspend the payment of further compensation during such time as such refusal continues, and no compensation shall be paid at any time during the period of such suspension. Miss.Code 1942 Ann. § 6998-08(a) (1956). But no suspension in payments of compensation shall be made for refusing to submit to medical or surgical treatment until the reasonableness of such request or refusal has been determined by the Commission, and a written order suspending payment issued. § 6998-19(c).
Medical proof in this case was to the effect that surgical removal of a ruptured disc resulted in substantial improvement in more than ninety percent of the cases, that the amount of pain is less than that experienced without surgery, and that the risk was minimal—not over one percent. One of the physicians testified that he had performed several thousand such operations and that none had resulted in the patient being worse, and ninety percent or more showed substantial improvement. The testimony on behalf of the claimant was that he was afraid of the operation.
This Court had a similar question before it in Walker v. International Paper Co., 230 Miss. 95, 92 So.2d 445 (1957). Some of the judges are not impressed with the soundness of the decision in Walker, supra, but it will not be re-examined at this time. It is reluctantly followed and the action of the Commission in finding that claimant’s refusal to undergo surgery in the present case was reasonable is affirmed.
The second question raised by the employer and carrier is that the Commission erred in finding claimant’s disability to be permanent in quality. It is argued that to allow a permanent award under the circumstances is to invite the claimant to collect a lump sum award and then demand surgery, as was the case in Lawrin Co. v. Frazier, 213 So.2d 548 (Miss.1967). We are urged to adopt the rule that where a claimant can only be considered permanently disabled because of his refusal to undergo surgery, that such refusal can at best be only a decision for the moment subject to change at the will of the claimant.
Temporary disability, whether total or partial, has reference to the healing period following injury, it begins with the disabling injury and continues until such time as the employee reaches the maximum benefit from medical treatment, or differently expressed, it is a condition which exists until the injured employee is cured or is as far restored as the permanent character of his injuries will permit. Dunn, Mississippi Workmen’s Compensation, 2d ed., § 75 (1967).
Under the particular facts of this case, we hold that the claimant has not *913 reached maximum benefits from medical treatment, and, therefore, his disability, although total in character, is temporary in quality and that the Commission erred as a matter of law in finding that claimant’s disability was permanent in quality. Whether the claimant continues to refuse surgery or changes his mind, as he has a right to do, and undergoes such treatment, he will receive all benefits contemplated by the act. This is probably the reason that the claimant did not respond to the second proposition in the brief of employer and carrier.
That part of the Commission’s order holding that claimant’s disability is permanent in quality is reversed and the case is remanded to the Commission.
Affirmed in part, reversed in part, and remanded to the Commission.
PATTERSON, SMITH, ROBERTSON and SUGG, JJ., concur.