910 So.2d 52 (2005)
Tommy BOYKIN, Appellant,
v.
SANDERSON FARMS, INC., Appellee.
No. 2003-WC-02318-COA.
Court of Appeals of Mississippi.
January 11, 2005.
*53 Henry S. Davis, Laurel, attorney for appellant.
Ryan Jeffrey Mitchell, Richard O. Burson, attorneys for appellee.
Before KING, C.J., IRVING and MYERS, JJ.
IRVING, J., for the Court.
¶ 1. On November 15, 1999, Tommy Boykin filed a "Petition to Controvert" with the Mississippi Workers' Compensation Commission. In the petition, he alleged that he sustained hearing loss in both ears during his employment at Sanderson Farms, Inc. In response, Sanderson Farms raised the statute of limitations as an affirmative defense, asserting that Boykin's claim was barred by the two-year limitation period set forth in Mississippi Code Annotated Section 71-3-35 (Rev.2000).
¶ 2. Following a hearing on the matter, an administrative law judge found that Boykin's claim was not barred by the applicable statute of limitations. The judge determined that Boykin had suffered a latent injury and awarded him 100% industrial loss of the use of his hearing, bilaterally. Sanderson Farms appealed the administrative law judge's decision to the Full Workers' Compensation Commission, and the Commission reversed the order of the administrative law judge. The Commission found that the statute of limitations had expired and dismissed Boykin's claim. Boykin appealed the Commission's decision to the Jones County Circuit Court, and the circuit judge affirmed the Commission's decision. Aggrieved, Boykin now raises the following issue on appeal: whether the Workers' Compensation Commission and circuit court erred by finding that the two-year statute of limitations had run on his workers' compensation claim.
¶ 3. Finding no reversible error, we affirm the findings and decision of the Commission.

FACTS
¶ 4. In April 1987, Boykin began employment as a millwright at Sanderson Farms in the plant's feed mill.[1] As a millwright, *54 Boykin either repaired or serviced, on a daily basis, the hammer mill equipment located in the plant. He was exposed to high levels of noise.[2]
¶ 5. Sanderson Farms required its employees to wear ear protection while working around the hammer mills and also required the employees to undergo periodic hearing exams.[3] In August 1987, Boykin received his first hearing test. Although Boykin alleged that he never received any written results of the hearing tests, he admitted that the nurse at Sanderson Farms informed him that "his hearing was getting worse." In fact, Boykin testified that each time he was tested at Sanderson Farms, he was informed that his hearing was worsening. The company's nurse eventually referred Boykin to Dr. Michael Brooks for further testing.
¶ 6. Dr. Brooks, an ear, nose, and throat specialist, testified that he first saw Boykin on October 8, 1993, when Boykin was 60 years old. Dr. Brooks testified that Boykin complained of hearing loss, and as a result, he performed tests which revealed that Boykin suffered from hearing loss in both ears.[4] Dr. Brooks also testified that in ninety percent of people who experience hearing loss similar to the type suffered by Boykin, the cause is due to noise exposure. However, he also stated that the hearing loss could have also been caused by toxic drug use, trauma, congenital, or age. Dr. Brooks further testified that as a result of Boykin's test, he wrote the following letter to Sanderson Farms:
Mr. Boykin has a bilateral sensori-neural hearing loss worse in the left ear than the right. This has resulted in a significant impairment especially in environments where there is a lot of noise or other people talking. His examination reveals normal anatomy. There is no evidence of any pathology on physical examination of either ears. We have cautioned him to continue to use ear protection in the future to prevent worsening of his pure tone levels.
Dr. Brooks testified that after the 1993 exam, he informed Boykin that Boykin had hearing loss, and that it was caused primarily by noise exposure. Dr. Brooks placed no restrictions on Boykin's ability to work at Sanderson Farms, and Boykin continued to work until he retired in October 1995 due to problems with his hearing.
¶ 7. In July 1998, Boykin returned to Dr. Brooks complaining of hearing loss. Dr. Brooks stated that tests performed in 1998 showed that Boykin's hearing had deteriorated substantially in both ears, and as a result, he treated Boykin with hearing aids. Additional facts will be related during our discussion of the issues.

ANALYSIS AND DISCUSSION OF THE ISSUES

Standard of Review
¶ 8. "The standard of review in workers' compensation cases is limited." Weatherspoon v. Croft Metals, Inc., 853 *55 So.2d 776, 778(¶ 6) (Miss.2003). "The substantial evidence test is used." Id. (citing Walker Mfg. Co. v. Cantrell, 577 So.2d 1243, 1245-47 (Miss.1991)). "The Workers' Compensation Commission is the trier and finder of facts in a compensation claim." Id. "[An appellate] [c]ourt will overturn the Workers' Compensation Commission['s] decision only for an error of law or an unsupported finding of fact." Id. (citing Georgia Pac. Corp. v. Taplin, 586 So.2d 823, 826 (Miss.1991)). "Reversal is proper only when [the] Commission['s] order is not based on substantial evidence, is arbitrary or capricious, or is based on an erroneous application of law." Id. (citing Smith v. Jackson Constr. Co., 607 So.2d 1119, 1124 (Miss.1992)).

Statute of Limitations
¶ 9. Boykin argues that the Workers' Compensation Commission misapplied the two-year workers' compensation statute of limitations. He asserts that he possessed a latent injury; therefore, he had two years from the discovery of his injury to file a claim. Boykin contends that he did not discover the cause and extent of his hearing loss until July 1998 when he saw Dr. Brooks. He maintains that, as a result, the statute of limitations began to run on that particular date.
¶ 10. Sanderson Farms, however, argues that the two-year statute of limitations began to run on October 27, 1995, when Boykin retired due to his gradually worsening hearing loss. Sanderson Farms further argues that Boykin knew that he was suffering hearing loss while working at Sanderson Farms and that exposure to noisy machinery at the company was the primary cause of his hearing loss.
¶ 11. Mississippi Code Annotated Section 71-3-35(1) (Revised 2000), which governs the limitation period for workers' compensation claims, states in pertinent part as follows:
No claim for compensation shall be maintained unless, within thirty (30) days after the occurrence of the injury, actual notice was received by the employer or by an officer, manager, or designated representative of an employer..... Regardless of whether notice was received, if no payment of compensation (other than medical treatment or medical burial expense) is made and no application for benefits filed with the commission within two years from the date of the injury or death, the right to compensation therefor shall be barred.
¶ 12. The time period for filing a claim does not begin to run until the claimant, judged by the standard of a reasonable person, recognizes the nature, seriousness and probable compensable character of his injury. Quaker Oats Company v. Miller, 370 So.2d 1363, 1366 (Miss.1979) (citing Larson, Workmen's Compensation Law § 78.41 (1978)).
¶ 13. In the present case, Boykin waited until November 1999, before filing a claim, more than four years after his retirement from Sanderson Farms. The Commission found that Boykin had reasonably discovered the nature, seriousness, and probable compensable nature of his injury at the time of his retirement. We find substantial evidence in the record to support this finding.
¶ 14. We note from the outset that Boykin improperly characterizes his hearing loss as a latent injury. Our supreme court has held that in workers' compensation cases, "a latent injury is an injury that a reasonably prudent [person] would not be aware of at the moment it was sustained." J.H. Moon & Sons, Inc. v. Johnson, 753 So.2d 445, 448(¶ 15) (Miss.1999) (citing Georgia Pac. Corp. v. Taplin, 586 So.2d 823, 827 (Miss.1991)). Here, Boykin was *56 fully aware of the gradual progression of his hearing loss while employed at Sanderson Farms. He testified that his hearing was "perfect" when he began working at Sanderson Farms. He eventually retired because, in his own words, "[he] was just having trouble hearing, and [he] just got out of it before [he] really hurt [himself] around all that machinery." Thus, Boykin's situation is not comparable to the situation of many of the claimants in the cases cited by Boykin, who were not aware of the extent of their injuries during their employment.
¶ 15. Further, although Boykin claims that he did not discover the cause of his hearing loss until informed by Dr. Brooks in 1998, we find that the record is clear that Boykin became aware of the cause of his hearing loss as early as 1993. Dr. Brooks testified that after he examined Boykin in 1993, he informed Boykin that Boykin's hearing loss was caused primarily by noise exposure. Boykin offered no evidence to dispute Dr. Brooks's testimony. Similarly, a letter from Dr. Brooks to Sanderson Farms, dated October 1993, reveals that Dr. Brooks cautioned Boykin to continue to use ear protection to prevent worsening of his hearing loss. Boykin also admitted that each time he was tested, the nurse at Sanderson Farms informed him that his hearing was worsening.
¶ 16. As a result, we find that there is substantial evidence in the record to conclude that Boykin knew or should have known at the time of his retirement that his hearing loss was caused by his exposure to noise while working at Sanderson Farms. Therefore, we find that the Commission did not err in finding that Boykin's suit was barred by the applicable statute of limitations.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY AFFIRMING THE DECISION OF THE WORKERS' COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] At the time of the hearing, Boykin was sixty-eight years old and had a ninth grade education. Boykin testified that he received additional training as a demolition man while in the military.
[2] Prior to working at Sanderson Farms, Boykin worked as a millwright for various other employers from 1954 to 1987. Boykin testified that he was exposed to very little noise at the other employers.
[3] Boykin testified that Sanderson Farms provided its employees with ear protection. He further stated that the company would sometimes run out of the protection and that he would have to work without them until the company reordered some more.
[4] Dr. Brooks testified that based on the values provided by the nurse at Sanderson Farms, Boykin's hearing worsened every year, particularly from 1987 to 1993 and then between 1993 and 1998.