KING, C.J.,
for the Court.
¶ 1. James Parchman appeals the trial court’s affirmance of the decision of the Workers’ Compensation Commission dismissing his petition to controvert on the grounds that his claim was barred by the *382 two-year statute of limitations. Finding no error, this Court affirms.
FACTS
¶2. James Parchman began working at Amwood Products in 1993. In March 2000, he held a position as a plant manager. In that capacity, he oversaw several employees and reported directly to Jackie Burdine, Amwood’s vice-president. Ultimately, he reported to Thomas Greer, president of Amwood.
¶ 3. In late March 2000, Parchman was helping another Amwood employee with a welding job when a piece of hot metal fell into his right boot. The hot metal left two small burns on Parchman’s ankle. At the time, he did not consider the burn to be a serious injury. After several weeks, however, the burn had not healed, so Parch-man sought treatment from his doctor.
¶ 4. Parchman continued treatment on a weekly basis from April 2000 through February 2002. Parchman testified before the commission that he scheduled his appointments during the lunch hour so as not to miss work. In February 2002, Parchman was hospitalized for tests to determine why the wound would not heal.[1] His hospital stay kept him from working for three weeks. Amwood paid Parchman his full salary during this time.
¶ 5. In April and May of 2002, Parchman missed another five weeks of work due to the burns on his ankle. Again, Amwood continued to pay Parchman his full salary. Finally, in the summer of 2002, Parch-man’s physicians suggested skin grafts to treat the wound. The process would require one skin graft per week for eight weeks. Undergoing this procedure meant that Parchman would be on bed rest for approximately three months.
¶ 6. After Parchman had undergone three or four skin grafts, Greer notified Parchman that Amwood could no longer continue to pay his salary (Amwood had paid Parchman his full salary during the first few weeks of the skin graft procedures) and recommended that Parchman apply for temporary disability benefits. Parchman believed that he would eventually be able to return to work until Greer confirmed several weeks later that Parch-man was, in fact, fired.
¶ 7. Parchman filed his petition to controvert with the Mississippi Workers’ Compensation Commission on July 23, 2003. Amwood filed a motion to dismiss in response to the petition, contending that Parchman’s claim was barred by the two-year statute of limitation. Following a hearing, the administrative judge granted the motion to dismiss, holding that the statute of limitations had expired.
¶ 8. At the hearing, Parchman testified that he told Burdine prior to the first doctor’s appointment that he was seeking treatment for the burn on his foot. Parch-man further testified that he advised Bur-dine of each appointment and another employee, Joey Southard, who was present when the injury occurred, testified that he and Burdine discussed Parchman’s burn on half-a-dozen different occasions. Additionally, Parchman discussed his injury on separate occasions with the two women responsible for filing workers’ compensation claims, although one of the women claims that Parchman specifically advised her not to file a claim, an allegation that Parchman denies. Despite all of the evidence to the contrary, Amwood claimed that it was unaware that Parchman’s inju *383 ry was work-related until over a year after the incident occurred.
¶ 9. Parchman appealed the administrative judge’s decision to the full Commission. On September 9, 2005, the Mississippi Workers’ Commission affirmed the administrative judge’s dismissal in a two-to-one decision, with Commissioner Schoby dissenting. Parchman then appealed the Commission’s decision to the circuit court, which affirmed the dismissal.
STANDARD OP REVIEW
¶ 10. In reviewing the decision of a chancery or circuit court regarding an agency action, this Court applies the same standard employed by the lower court. Mississippi Sierra Club v. Mississippi Dep’t of Envtl. Quality, 819 So.2d 515, 519(¶ 15) (Miss.2002). This Court will not disturb an agency’s ruling unless the decision of the administrative agency “(1) was unsupported by substantial evidence; (2) was arbitrary or capricious; (3) was beyond the power of the administrative agency to make; or (4) violated some statutory or constitutional right of the complaining party.” Id.
ANALYSIS
¶ 11. Parchman raises three issues on appeal. Parchman argues first that the statute of limitations should have been tolled because Amwood failed to report the injury. Parchman contends that Am-wood’s failure to meet the notice requirement of the statute requires this Court to toll the statute of limitations, citing Holbrook v. Albright Mobile Homes, 703 So.2d 842, 844 (¶¶ 5-7) (Miss.1997). Second, Parchman argues that the statute of limitations should be “erased” because Am-wood continued to pay Parchman his full salary despite his extended absences from work, an arrangement that Parchman contends was payment made in lieu of workers’ compensation. Finally, Parchman argues that the Commission improperly found that Parchman had a compensable injury prior to September 2002, causing the statute of limitations, to begin to run. Parchman contends that he had no disability or compensable injury until his wage earning capacity was affected; therefore, the statute of limitations did not begin to run until September 2002, when Amwood notified him that it could no longer continue to pay his wages and encouraged him to apply for temporary disability.
¶ 12. Amwood contends that Parchman knew or should have known within a few weeks after sustaining the injury in March 2000 that his injury was potentially disabling, thereby starting the statute of limitations period. Amwood dismisses Parchman’s argument that his salary was made in lieu of workers’ compensation, claiming that Parchman continued to perform the essential duties of his job through the fall of 2002 despite his occasional absences. Finally Amwood argues that the statute of limitations should not be tolled. Amwood contends that even if it failed to file notice of the injury with the Commission, that failure cannot be grounds for tolling the statute of limitations. Amwood also disputes Parchman’s application of the equitable estoppel theory, as set forth in Holbrook and in Martin v. L. & A. Contracting Co., 249 Miss. 441, 162 So.2d 870 (1964).
1. Statute of Limitations
¶ 13. The statute of limitations for workers’ compensation claims is set forth in Mississippi Code Annotated Section 71-3-35(1) and states as follows:
No claim -for compensation shall be maintained unless, within thirty (30) days after the occurrence of the injury, actual notice was received by the employer or by an officer, manager, or *384 designated representative of an employer. If no representative has been designated by posters placed in one or more' conspicuous places, then notice received •by any superior shall be sufficient. Absence of notice shall not bar recovery if it is found that the employer had knowledge of the injury and was not prejudiced by the employee’s failure to give notice. Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made and no application for benefits filed with the commission within two years from the date of the injury or death, the right to compensation therefor shall be barred. _
Miss.Code Ann. § 71-3-35 (Rev.2000) (emphasis added). Parchman argues on appeal that the statute of limitations did not begin to run until he became aware that the injury was disabling, meaning that it impacted his wage-earning ability, as defined by Mississippi Code Annotated Section Yl — 3—3<j). The statute, however, does not state the commencement of the statute of limitations in those terms.
¶ 14. The statute clearly states that an application for benefits must be filed with the Commission “within two years from the date of the injury ” or it is barred by the statute of limitations. Miss.Code Ann. § 71-3-35 (emphasis added). An “injury” is defined as “accidental injury or accidental death arising out of and in the course of employment without regard to fault which results from an untoward event or events.... ” Miss.Code Ann. § 71-3-3(b). Accordingly, the statute of limitations began to run in March 2000, when Parchman received the burn to his ankle. Therefore, barring some equitable theory, the two-year statute of limitations was not tolled and expired in March 2002.[2]
¶ 15. This Court also finds that Hol-brook and Martin are inapplicable to this case. In both cases, the employer was estopped from asserting the statute of limitations as a defense because the employer had affirmatively advised the employee that Mississippi workers’ compensation benefits were not available. In this case, Parchman was aware that benefits were available but made no effort to obtain benefits until he filed his petition to controvert in July 2003.
2. Payment of salary in lieu of workers’ compensation payments
¶ 16. Under Mississippi law, an employer may receive credit against a workers’ compensation award for salary or wage payments made to an employee if such payments were intended to be made in lieu of workers’ compensation. See Lanterman v. Roadway Express, Inc., 608 So.2d 1340 (Miss.1992); Kosciusko v. Graham, 419 So.2d 1005 (Miss.1982). As the Mississippi Supreme Court held in George S. Taylor Constr. Co. v. Harlow, 269 So.2d 337, 338 (Miss.1972), “if the payment of wages was intended to be in lieu of compensation, credit for the wages is allowed. However, since there is seldom any evidence on whether such' an intention lay behind the payment, it must be inferred from the circumstances surrounding the payment.” The Court stated further that “if [the employee] is paid his regular wage, *385 although he does no work at all, it is a reasonable inference that the allowance is in lieu of compensation.” Id.
¶ 17. This principle has only been used in the context of allowing the employer to credit those wages paid against an award of workers’ compensation benefits. Parch-man, however, seeks to apply this principle to “erase” the statute of limitations, thereby making his July 2003 petition to controvert timely. Assuming that this principle could be applied to toll the statute of limitations, the administrative judge found that there was no evidence to suggest that either Amwood or Parchman considered the payment of his salary to be used in lieu of workers’ compensation payments. The Commission’s opinion states that it finds the idea that Amwood paid Parchman’s salary in lieu of workers’ compensation payments “spurious.”
¶ 18. Whether the parties intended Parehman’s salary to serve as payment in lieu of workers’ compensation is an issue of fact. Parchman testified in his deposition that during the periods that he was on leave for treatment, he continued to communicate with the plant and do his job to the best of his ability. Lanny Wilkerson, the office manager, also testified that Parchman was in regular contact with his employees while he was out for treatment. There was no evidence at all that Parch-man was using paid sick leave or vacation days during his extended absences as the basis for his receiving his salary, as neither side raised the question. Accordingly, this Court holds that the agency's finding is supported by substantial evidence, and Parchman’s arguments that his wages were paid in lieu of workers’ compensation benefits must fail.
3. Compensable disability arising more than two years after injury
¶ 19. Finally, Parchman argues that under the Workers’ Compensation Act, an injury is not compensable until it interferes with the employee’s capacity to earn wages. Parchman contends that because he was paid his full salary until he was fired in September 2002, despite his extended absences from work, he did not have a compensable injury until that date and the statute of limitations did not begin to run until he was fired. Parchman cites Tabor Motor Co. v. Garrard, 233 So.2d 811, 815 (Miss.1970) in support of this argument. Parchman’s argument also presumes that the record proves that Parch-man was fired due to his injury, a position that Amwood denies.
¶ 20. Although Parchman couches his argument in different terms, this point of error is simply an argument that Parch-man’s injury was a latent injury. Both the administrative judge and the Commission’s opinion held that Parchman’s injury was not a latent injury and that the statute of limitations began to run on the date of the accident.
¶ 21. This Court agrees that Parchman’s injury is not a latent injury. A latent injury is defined as “an injury that a reasonably prudent [person] would not be aware of at the moment it was sustained.” Quaker Oats Co. v. Miller, 370 So.2d 1363, 1366 (Miss.1979). Parch-man knew at the time of the accident that he had sustained an injury arising out of the course and scope of his employment; therefore, his injury by definition, cannot be a latent injury. Rather, Parchman’s injury was a progressive injury. See, e.g., J.H. Moon & Sons, Inc. v. Johnson, 753 So.2d 445 (Miss.1999); Boykin v. Sanderson Farms, Inc., 910 So.2d 52 (Miss.Ct.App.2005).
¶ 22. At the time of the injury, Parch-man believed that the burn was a minor injury that could be treated with a topical *386 ointment and a bandage from his first aid kit. Within a few months, however, Parchman should have been aware that his injury was not minor. Shortly after the accident, Parchman began receiving weekly treatment from a doctor and was later transferred to a wound center for treatment. Parchman testified in his deposition that the burn kept getting bigger and bigger despite his continuing treatment.
¶ 23. For progressive injuries, “the time period for filing a claim does not begin to run until the claimant, judged by the standard of a reasonable person, recognizes the nature, seriousness, and probable compensable character of his injury.” Quaker Oats Co., 370 So.2d at 1366. In this case, Parchman served as an assistant plant manager at Amwood. He was aware of the company’s workers’ compensation policy and testified that, in the past, he had referred employees under his supervision to Amwood’s designated point person for workers’ compensation.
¶ 24. Parchman knew or should have known that workers’ compensation would have paid for his continuing medical treatment. Parchman chose, however, to use his wife’s medical insurance to pay for his treatment.[3] Because Parchman began seeking medical treatment that was com-pensable under the workers’ compensation program within a few weeks of his injury, this Court finds that the statute of limitations began to run, at the latest, on the date that Parchman first sought compensa-ble medical treatment — a date sometime in April 2000. Parchman also would have been eligible for disability compensation within two years of the injury, as he missed several weeks of work in February 2002 due to hospitalization for treatment of the burn. See Miss.Code Ann. § 71-3-11 (setting forth a five-day waiting period for disability compensation). His inability to work due to hospitalization and doctor-ordered bed rest impacted his wage-earning capacity.
¶ 25. As this Court explained supra, under Mississippi Code Annotated Section 71-3-35, the statute of limitations begins to run from the date of the injury. This court has held that “[i]t is clear that this two year statute runs from the time of injury and applies in instances where there has. been no payment of disability income benefits or nonburial death benefits.” Jordan v. Pace Head Start, 852 So.2d 28, 30(¶ 5) (Miss.Ct.App.2002). Parchman received no benefits of any kind within the two year period following his injury. Accordingly, the statute of limitations bars Parchman’s petition to controvert.
¶ 26. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY IS AFFIRMED. ALL COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P JJ., IRVING, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
CHANDLER AND BARNES, JJ., NOT PARTICIPATING.

. Parchman's physicians suspected that lupus, which Parchman had been diagnosed with years before his employment with Am-wood, was inhibiting the healing process. Tests proved that lupus was not affecting the wound.

. Under Mississippi law, the statute of limitations also may be tolled in the event of a latent injury. See generally Struthers Wells-Gulfport, Inc. v. Bradford, 304 So.2d 645 (Miss.1974); Tabor Motor Co. v. Garrard, 233 So.2d 811 (Miss.1970). Both the administrative judge and the full Commission held that Parchman’s injury was not a latent injury, and this issue will be addressed in this Court’s discussion of Parchman’s third issue, whether the injury was not disabling, and therefore not compensable, until more than two years after the date of injury.

. The record indicates that Parchman was aware that filing a claim with workers’ com-pénsation would increase Amwood's rates with its carrier and that Parchman's desire to avoid this increased cost to his employer contributed to his decision to use his wife’s medical insurance rather than utilizing Amwood’s worker’s compensation program.