990 So.2d 254 (2008)
Charles P. BAKER, Appellant,
v.
IGA SUPER VALU FOOD STORE and Mississippi Insurance Guaranty Association, Appellees.
No. 2007-WC-00305-COA.
Court of Appeals of Mississippi.
April 22, 2008.
Rehearing Denied July 22, 2008.
Certiorari Denied September 11, 2008.
*256 David M. Sessums, Vicksburg, attorney for appellant.
Andrew D. Sweat, Jennifer Hughes Scott, Jackson, attorneys for appellees.
Before KING, C.J., IRVING and CHANDLER, JJ.
KING, C.J., for the Court.
¶ 1. Charles P. Baker appeals from the Warren County Circuit Court's order affirming the Mississippi Workers' Compensation Commission's decision that Baker's claim for disability benefits and medical treatment was barred by the two-year statute of limitations. Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. Baker was employed with IGA Super Valu Food Store (Super Valu) as a manager in the meat department. On January 9, 2002, Baker injured his back while lifting boxes of meat at Super Valu. Baker immediately reported the injury and visited a doctor the next day. Super Valu and Mississippi Insurance Guaranty Association, collectively known as "the Employer," paid Baker's work-related medical expenses from the date of the accident until January 9, 2004. Baker claims he can no longer do any heavy lifting, and he has to take 30 milligrams of Morphine four times a day just to work and to function on a daily basis.
*257 ¶ 3. On March 25, 2004, Baker filed a petition to controvert with the Mississippi Workers' Compensation Commission (the Commission). The matter was heard on October 11, 2005. The administrative law judge ruled that the two-year statute of limitations applied, precluding Baker's claim for disability benefits and medical treatment after January 9, 2004. The Employer was ordered to pay any outstanding medical bills related to Baker's back injury that were incurred before January 9, 2004. Aggrieved, Baker petitioned to review the decision. The Commission affirmed the order, and Baker appealed to the Circuit Court of Warren County, which also affirmed the decision on February 13, 2007.
¶ 4. Baker now appeals the trial court's decision, raising the following issues: (1) whether the voluntary payment of medical benefits tolled the statute of limitations; (2) whether part of Baker's wages should be found in lieu of compensation, thereby tolling the statute of limitations; (3) whether Baker has yet to suffer a disability and/or injury, as defined under the workers' compensation statutes; and (4) whether the employer was estopped from asserting statute of limitations as a defense.

STANDARD OF REVIEW
¶ 5. An appellate court reviews the Commission's decision "for an error of law or an unsupportable finding of fact." Georgia Pacific Corp. v. Taplin, 586 So.2d 823, 826 (Miss.1991). The decision of an agency will not be overruled unless the decision: "1) was unsupported by substantial evidence, 2) was arbitrary or capricious, 3) was beyond the power of the administrative agency to make, or 4) violated some statutory or constitutional right of the complaining party." Miss. Sierra Club, Inc. v. Miss. Dep't of Envtl. Quality, 819 So.2d 515, 519(¶ 15) (Miss.2002). An appellate court uses "a de novo standard of review when passing on questions of law[,] including statute of limitations issues." Jordan v. Pace Head Start, 852 So.2d 28, 30(¶ 4) (Miss.Ct.App.2002).

ANALYSIS

I. Whether the voluntary payment of medical benefits tolled the statute of limitations.
¶ 6. Baker argues that voluntary payment of medical benefits tolled the statute of limitations as to current medical benefits, future medical benefits, and at least as the same relates to the payment of medical benefits. The Employer argues that the statute of limitations is not tolled because the statute expressly excludes the payment of medical benefits.
¶ 7. Baker relies on Graeber Brothers, Inc. v. Taylor to support his contention. Graeber, 237 Miss. 691, 115 So.2d 735 (1959). In Graeber, the supreme court focused on Mississippi Code section 6998-27 (Recomp.1942), currently codified under Mississippi Code Annotated section 71-3-53 (Rev.2000). Id. at 696, 115 So.2d at 737. This statute allows the Commission to review and change compensation up to one year after the last payment of compensation is made.[1] The supreme court held *258 that "a payment of medical expenses constitutes a `payment of compensation' for the purpose of tolling the one year statute of limitations, Code Section 6998-27." Graeber, 237 Miss. at 698, 115 So.2d 735 (suggestion of error overruled).
¶ 8. This argument is improper in this instance because a review and change of compensation is not at issue here. The Commission never ordered any form of compensation in Baker's case. Consequently, we are only concerned with Mississippi Code Annotated section 71-3-35(1), which addresses the right to compensation at all. Section 71-3-35(1) provides in pertinent part as follows:
[I]f no payment of compensation (other than medical treatment or burial expense) is made and no application for benefits filed with the commission within two years from the date of the injury or death, the right to compensation therefor shall be barred.
Miss.Code Ann. § 71-3-35(1) (Rev.2000). Accordingly, a claim for workers' compensation benefits is barred where the claim is filed more than two years after the injury and where the claimant did not receive compensation other than medical treatment within the two-year period. See Speed Mechanical, Inc. v. Taylor, 342 So.2d 317, 320 (Miss.1977) (relying on section 71-3-35(1) (1972) to bar compensation).
¶ 9. Baker had two years from the date of his injury to file a claim, and he failed to do so. The Employer's voluntary payment of his medical treatment is of no consequence. Therefore, we find that the voluntary payment of medical benefits did not toll the two-year statute of limitations provided in section 71-3-35(1) as to the payment of current and future medical benefits.

II. Whether part of Baker's wages should be found to be in lieu of compensation, thereby tolling the statute of limitations.
¶ 10. Baker argues that part of his wages should be found to be in lieu of compensation because he performed lighter duties at the same or higher pay. Baker further contends that Super Valu created a diminished working capacity because he was asked to sign a statement that he would not operate market equipment while taking morphine. Conversely, Super Valu argues that Baker's wages should not be found to be in lieu of compensation because Baker continued to earn his salary after his injury, and he never provided Super Valu with any notice of physical restrictions.
¶ 11. Mississippi law allows an employer to receive credit against a workers' compensation award for wages paid to an employee if the payment of those wages were intended to be made in lieu of workers' compensation. See Lanterman v. Roadway Express, Inc., 608 So.2d 1340, 1348-49 (Miss.1992); City of Kosciusko v. Graham, 419 So.2d 1005, 1009 (Miss.1982). However, there is seldom any evidence that the employer intended the payment of wages to be in lieu of compensation. George S. Taylor Constr. Co. v. Harlow, 269 So.2d 337, 338 (Miss.1972) (quoting 2 A. Larson, The Law of Workmen's Compensation, section 57.41 (1970)). Also, credit is not warranted "where the salary paid was not in lieu of compensation but money the claimant was entitled to receive based on his past service." Lanterman, 608 So.2d at 1349 (citing Graham, 419 So.2d at 1009).
¶ 12. Whether or not any part of Baker's wages should be found to be in lieu of compensation is an issue of fact, and this Court defers to the Commission's findings of fact. Lanterman, 608 So.2d at 1345. After reviewing the evidence, we find that *259 the Employer did not intend part of Baker's wages to be in lieu of compensation. The Employer paid Baker his regular salary because Baker worked to earn his wages after his injury.
¶ 13. Considering all the evidence in Baker's case, the administrative law judge found that the two-year statute of limitations applied and precluded Baker's claim. In support of this finding, the administrative law judge noted that Baker never missed work, and he was never paid disability benefits. Accordingly, the administrative law judge ruled that all other issues were moot due to the previous findings. There is substantial evidence in the record to further support the finding that Baker did not receive compensation which would toll the statute of limitations.
¶ 14. According to Baker, he performed lighter duties at his job because he could not lift as much after the injury. After reviewing Baker's medical records, we found a notation made by Dr. Hildon Sessums on March 1, 2002, which simply noted "still no heavy lifting at this time." During the hearing, Baker testified that he never received nor gave his employer any documentation stating that he could only lift between 30 and 40 pounds. Furthermore, Baker's appellate brief states that "he self restricted his job activities." There was no evidence presented that Baker had any legitimate physical restraints.
¶ 15. To the contrary, there was evidence that Baker earned his wages after his injury. Baker testified that he was performing satisfactorily at his job. Furthermore, in his opinion, his supervisors were satisfied with his work as well. In fact, Baker did not miss any days of work because of his injury.
¶ 16. There was also no evidence presented that Super Valu intended that any part of Baker's wages be in lieu of compensation. Baker argues that Super Valu created a diminished working capacity for him. Super Valu claims that it first learned that Baker was taking morphine during a deposition in March 2005. After which, Super Valu asked Baker to sign a statement agreeing to cease operating any market equipment until Super Valu received "a written report from his physician authorizing him to operate market equipment while taking pain medication." Baker refused to sign this document because he believed it would jeopardize his position if he refused to cut meat for a customer. Further, Baker argued that everyone at Super Valu knew that he was taking morphine, and no one expressed concern until three years later. Regardless of whether or not this is true, it is still apparent that Baker continued to fulfill his duties as the meat department manager and operated the market equipment between January 9, 2002, and January 9, 2004. Also, Baker never gave Super Valu a written report from a treating physician noting any physical restrictions he may have had from his injury or pain medications.
¶ 17. Based on our review of the record, we find that there is no evidence to suggest that either Super Valu or Baker considered the payment of his salary to be used in lieu of workers' compensation benefits. Therefore, we decline to address whether or not the "wages in lieu of compensation" principle tolled the statute of limitations.

III. Whether Baker has yet to suffer a disability and/or injury, as defined under the workers' compensation statutes, thereby tolling the statute of limitations.
¶ 18. Baker argues that the two-year statute of limitations has not begun to run because no disability has manifested itself. Further, Baker argues that his condition *260 could worsen to a point where he suffers a physical permanent partial disability or requires further medical treatment, such as surgery. The Employer argues that Baker did not suffer a latent or progressive injury, which could toll the statute of limitations, and his reliance on this line of case law is misplaced.
¶ 19. The two-year statute of limitations can be tolled in instances where a claimant sustains a latent injury or a progressive injury. Compare Struthers Wells-Gulfport, Inc. v. Bradford, 304 So.2d 645, 648 (Miss.1974) (deciding that claimant was not time-barred because she had no compensable injury resulting from a spider bite until it became reasonably apparent that she had a disability arising therefrom); with Boykin v. Sanderson Farms, Inc., 910 So.2d 52, 55-56 (¶ ¶ 14-15) (Miss.Ct.App.2005) (noting that claimant improperly characterized deteriorating hearing loss as a latent injury when the claimant knew as early as 1993 that his work environment was the cause of his hearing loss). A latent injury is an injury that a person would not be aware of at the moment it was sustained. See PPG Architectural Finishes, Inc. v. Lowery, 909 So.2d 47, 50(¶ 12) (Miss.2005) (quoting Donald v. Amoco Prod. Co., 735 So.2d 161, 168(¶ 18) (Miss.1999)). "The statute of limitations begins to run when the claimant is or reasonably should be aware of having sustained a compensable injury, but the statute is deemed not to have begun running if the claimant's reasonably diligent efforts to obtain treatment yield no medical confirmation of compensable injury." Taplin, 586 So.2d at 827. A progressive injury occurs when the claimant was aware that he acquired an injury that was work related. Quaker Oats Co. v. Miller, 370 So.2d 1363, 1366 (Miss.1979). The state of limitations for a progressive injury begins to run when a reasonable person would recognize the seriousness and probable compensable nature of the injury. Id.
¶ 20. Baker's hypothetical argument of possible future disability and medical treatment is too speculative and lacks any merit. The statute of limitations can only be tolled if Baker had suffered a latent or progressive injury. Baker's case is more analogous to Boykin than Bradford. There is no evidence that Baker had a latent or progressive injury. Baker immediately sought medical attention for his back and was prescribed to take 30 milligrams of morphine four times a day within a month of the injury. At this time, a reasonably prudent person should have recognized the seriousness of his injury. Also, medical evaluations revealed that Baker would not benefit from further injections or surgery. Instead, doctors recommended more active physical therapy. This is evidence that Baker's condition did not get progressively worse.
¶ 21. There is substantial evidence in the record indicating that Baker did not have a latent or progressive injury that would toll the statute of limitations. Therefore, we find that the statute of limitations began to run on the date that Baker injured his back at Super Valu; consequently, Baker's petition to controvert was time-barred.

IV. Whether the Employer was estopped from asserting statute of limitations as a defense.
¶ 22. Baker argues that the Employer was estopped from asserting the statute of limitations as a defense because the Employer voluntarily paid his medical bills without question or controversy, and Baker reasonably relied on such payment. Conversely, the Employer argues that Baker failed to establish the elements required for equitable estoppel because he presented no evidence of inequitable behavior on behalf of the Employer.
*261 ¶ 23. An employer may be estopped from asserting the statute of limitations as a bar to a claim for benefits where the evidence shows that the employer intended to mislead the claimant, and the employee reasonably relied on such statements or actions. See, e.g., Brock v. Hankins Lumber Co., 786 So.2d 1064, 1067(¶ 11) (Miss.Ct.App.2000); Holbrook v. Albright Mobile Homes, Inc., 703 So.2d 842, 844(¶ 7) (Miss.1997). The employee must present evidence of inequitable behavior by the employer. See McCrary v. City of Biloxi, 757 So.2d 978, 982(¶ 18) (Miss.2000) (holding employer was estopped from asserting the statute of limitations where the employer failed to file the statutorily required notice of controversy after assuring claimant that it would file his claim).
¶ 24. Baker admitted the following during his direct examination:
Q: Okay. Had there been any statements to you by anybody representing the employer or the insurance company before January 9, 2004, that led you to believe that they were going to stop paying your medical benefits?
BAKER: No.
....
Q: Okay. Did you believe that they were going to continue to pay those benefits after January 9, 2004?
BAKER: Yes, I did.
Q: In other words, I want to make clear. Did you have anybody hint, intimate, in any way do anything to lead you to believe that they were gong to cut off your medical benefits on January 9, 2004?
BAKER: No.
¶ 25. Baker failed to bring forth any evidence of inequitable behavior by Super Valu or the insurance carrier. Baker merely argues that no one told him that the payment of his medical expenses would end. He simply relied on its continued payment; however, his reliance was not justifiable under the circumstances. Therefore, we find that the Employer properly asserted the statute of limitations as a defense.

CONCLUSION
¶ 26. We find that Baker did not meet any exceptions to the statute of limitations; therefore, his petition to controvert is barred. Each of Baker's arguments to toll the statute of limitations fails. First, the Employer's voluntary payment of medical benefits does not toll the statute of limitations because section 71-3-35(1) expressly excludes medical benefits from payments of compensation that could toll the statute. Second, Baker failed to present any evidence that Super Valu intended to pay him wages in lieu of compensation based on a diminished working capacity. Third, Baker failed to present evidence of inequitable behavior on behalf of the Employer that would toll the statute of limitations. Fourth, Baker did not suffer a latent or progressive injury that tolled the statute of limitations. The statute of limitations properly began to run on January 9, 2002, the date of injury. Therefore, we find that the trial court did not err when it affirmed the Commission's affirmation of the administrative law judge's ruling that the two-year statute of limitations applied and precluded Baker's claim for disability benefits and medical treatment after January 9, 2004.
¶ 27. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*262 LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.
NOTES
[1] Mississippi Code Annotated section 71-3-53 provides in pertinent part:

Upon its own initiative or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.