CARLTON, J., for the Court.
 

 ¶ 1. Carolyn Shipp appeals from the Marshall County Circuit Court’s order affirming the Mississippi Workers’ Compensation Commission’s (Commission) decision that: (1) Shipp’s claim for disability benefits was barred by the two-year statute of limitations, and (2) Shipp failed to prove that her carpal tunnel syndrome was caused or aggravated by her employment with Thomas and Betts. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Shipp was employed with Thomas and Betts in Byhalia, Mississippi as a warehouse worker from 1989 until 2004. Shipp was diagnosed with carpal tunnel syndrome on March 17, 2003. Shipp did not miss any days of work because of her injury. On July 28, 2004, Shipp was fired for not keeping up with production and for being late. On May 2, 2005, more than two years after her diagnosis for carpal tunnel syndrome, Shipp filed a petition to controvert with the Commission, or a Com
 
 *334
 
 mission Form B5-11, alleging that, on July 28, 2004, she suffered from carpal tunnel syndrome, a compensable injury while employed by Thomas and Betts.
 

 ¶ 3. A hearing was conducted on Shipp’s workers’ compensation claim on October 4, 2006. The administrative law judge entered an order on January 10, 2007, finding that Shipp was late in filing her claim and that the two-year statute of limitations precluded Shipp’s claim. Additionally, the administrative law judge found that Shipp had failed to prove that her carpal tunnel syndrome was caused or aggravated by her employment with Thomas and Betts.
 

 ¶ 4. Shipp filed a petition for review of the administrative law judge’s order with the Commission on January 16, 2007. The Commission affirmed the administrative law judge’s order on June 12, 2007. Shipp then filed an amended notice of appeal to the Marshall County Circuit Court on June 18, 2007. On March 3, 2008, the circuit court affirmed the Commission’s decision, finding that it was supported by substantial evidence.
 

 ¶ 5. Shipp now timely appeals the circuit court’s judgment affirming the Commission’s decision and raises the following issues:
 

 I. Whether the circuit court erred in affirming the Commission’s decision finding that the two-year statute of limitations had expired before Shipp filed her petition to controvert; and
 

 II. Whether the circuit court erred in affirming the Commission’s decision finding that Shipp failed to meet her burden of proof in proving that her carpal tunnel syndrome was caused or aggravated by her employment with Thomas and Betts.
 

 Finding no error, we affirm.
 

 DISCUSSION
 

 I. Statute of Limitations
 

 ¶ 6. We will only overturn a decision of the Commission “for an error of law ... or an unsupportable finding of fact.”
 
 Georgia Pacific Corp. v. Taplin,
 
 586 So.2d 823, 826 (Miss.1991) (citations omitted). The Court uses a de novo standard of review when reviewing statute of limitations issues.
 
 Stephens v. Equitable Life Assur. Soc’y of the United States,
 
 850 So.2d 78, 82(10) (Miss.2003) (citation omitted).
 

 ¶ 7. Under Mississippi Code Annotated section 71-3-35(1) (Rev.2000), if a worker’s compensation claim has not been filed within two years after the injury, the claim is time-barred unless there has been a payment of compensation (other than medical treatment or burial).
 
 See Jordan v. Pace Head Start,
 
 852 So.2d 28, 30(5) (Miss.Ct.App.2002) (stating that if a worker does not receive disability income benefits or nonburial death benefits and does not file a claim for workers’ compensation benefits within two years of the injury, then the claim is time-barred under the statute of limitations). In this case, Shipp was diagnosed with carpal tunnel syndrome in March 2003 and did not file a petition to controvert until more than two years later in May 2005.
 

 ¶ 8. Carpal tunnel syndrome is a latent [or progressive] infirmity and is not immediately recognizable.
 
 See Lucas v. Angelica Uniform Group,
 
 733 So.2d 285, 288(11) (Miss.Ct.App.1998). “A progressive injury occurs when the claimant [is] aware that he acquired an injury that [is] work related.”
 
 Baker v. IGA Super Valu Food Store,
 
 990 So.2d 254, 260(19) (Miss.Ct.App. 2008). When latent [or progressive] injuries are involved, the time for filing a compensation claim under the two-year statute of limitations runs from the time a compensable injury becomes reasonably
 
 *335
 
 apparent.
 
 Tabor Motor Co. v. Garrard,
 
 233 So.2d 811, 814 (Miss.1970). Generally, as to when the injury becomes reasonably apparent is an issue of fact for the Commission to determine.
 
 Id.
 
 We are bound by the Commission’s findings of fact when the Commission’s decision is based upon substantial evidence.
 
 Jordan,
 
 852 So.2d at 30(4).
 

 ¶ 9. For example, in
 
 Struthers Wells-Gulfport, Inc. v. Bradford,
 
 304 So.2d 645, 649 (Miss.1974), the supreme court found that the claimant was not time-barred under the two-year statute of limitations when she “had no compensable injury resulting from [a] spider bite until it became reasonably apparent that she had a disability arising therefrom.” In
 
 Bradford,
 
 the claimant was bitten by a brown recluse spider on December 2, 1968.
 
 Id.
 
 at 646. The claimant’s ankle became swollen ten days later, and she was treated for an infection from the poisonous bite on her ankle.
 
 Id.
 
 However, it was not until February 1972 that the claimant was diagnosed with a vasculitis infection in the blood vessel which had resulted from the 1968 spider bite.
 
 Id.
 
 at 647.
 

 ¶ 10. The supreme court surmised that “the fact that [the claimant] had an accident was apparent, but the injury resulting from the accident was latent.”
 
 Id.
 
 at 649. Therefore, the court found that the time for the running of the two-year statute of limitations did not begin to run until the claimant, “as a reasonable [person], should have recognized the nature, seriousness and
 
 probable
 
 compensable character of the injury.”
 
 Id.
 
 at 648 (emphasis added);
 
 see also Boykin v. Sanderson Farms, Inc.,
 
 910 So.2d 52, 55-56 (14-15) (Miss.Ct.App.2005) (finding that the claimant’s developing hearing loss was improperly characterized as a latent injury when the claimant knew as early as 1993 that his work environment was causing his hearing loss).
 

 ¶ 11. Shipp cites
 
 Bolivar County Gravel Co. v. Dial,
 
 634 So.2d 99, 104 (Miss. 1994) for the proposition that her claim is not time-barred. Shipp states: “There was no occupational disability which would have caused [her] to file for compensation until she was terminated by [her] employer ... on July 28, 2004.” However, because we find that Shipp’s case falls under the reasoning of
 
 Bradford
 
 and
 
 Boykin,
 
 we disagree.
 

 ¶ 12. In
 
 Dial
 
 the claimant was found to have chronic lung disease before being exposed to welding fumes, but he was awarded disability benefits because of the nature of the injury and the difficulty of locating a definite and certain point of injury.
 
 Dial,
 
 634 So.2d at 104. The supreme court explained: “Although the employer correctly notes that the Claimant was affected and treated for exposure to welding smoke long before 1987[,] there was no occupational disability which would have caused him to file for compensation.”
 
 Id.
 
 at 104. As a result, the supreme court held that the claimant’s case in
 
 Dial
 
 was not time-barred under the two-year statute of limitations because the claimant filed his claim within two years of becoming disabled— which the court found to be the date the claimant quit his job because he could no longer perform his duties.
 
 Id.
 
 at 106.
 

 ¶ 13.
 
 Dial
 
 is clearly distinguishable from
 
 Bradford
 
 and
 
 Boykin,
 
 as well as the case at bar. As in
 
 Bradford
 
 and
 
 Boykin,
 
 Shipp’s injury and the date of disability can be easily ascertained. The administrative law judge aptly explained:
 

 [Shipp] ... knew her apparent injuries of bilateral carpal tunnel syndrome existed on or before ... March 2003, and she knew or should have known her apparent condition of bilateral carpal tunnel syndrome may have been work related in March ... 2003, and she reasonably should have known in March
 
 *336
 
 2003 that her injuries were disabling and therefore potentially created a compen-sable injury under the Mississippi Workers’ Compensation Laws.
 

 ¶ 14. Shipp testified that she first had pain in her right shoulder in 1999 for which she sought medical treatment. In 2002, Shipp was treated by Dr. William Knight, an orthopedic surgeon, for pain in her right elbow. Shipp was treated again by Dr. Knight on March 17, 2003, for bilateral hand pain and left shoulder lines. On March 17, 2003, Dr. Knight diagnosed Shipp with carpal tunnel syndrome.
 

 ¶ 15. Shipp returned to Dr. Knight on March 20, 2003, for pain because the cortisone shots she had been given had not sufficiently reduced her pain. Shipp then underwent nerve testing which indicated that she had severe carpal tunnel syndrome on the right side and moderate on the left side. After testing, Dr. Knight recommended that Shipp consider surgery. However, Shipp did not pursue surgery. In fact, Shipp did not return to Dr. Knight for treatment until September 4, 2003, and then again on February 19, 2004.
 

 ¶ 16. In his deposition testimony, Dr. Knight testified that he could not state with any certainty that Shipp’s injury was work related. As a result, Dr. Knight wrote in his report, concerning Shipp’s March 2003 appointments, that Shipp could return to “regular” duty at work. However, Shipp testified that directly after her March 20, 2003, appointment with Dr. Knight, she took Dr. Knight’s report regarding her condition to her work supervisor, Barbara Wicks. Shipp stated that Wicks tried to help her by giving her tasks that would be less likely to aggravate her condition. Shipp testified as follows:
 

 So, whatever visits ... I would make to see Dr. Knight, [Wicks] would ... always tell me, she said, well, I can see that you have a problem. And someone else in the department had had surgery for it, for the carpal tunnel, so she was, you know, trying to help me out a little bit. I wouldn’t have to go out and, you know, be under the production code at, at the time.
 

 We find that the facts contained in the record support the chancellor’s finding that Shipp’s injury was reasonably apparent in March 2003 when Shipp was diagnosed with carpal tunnel syndrome.
 

 ¶ 17. Additionally, Dr. Joseph Boals, an expert witness for Shipp, testified that he had examined Shipp on November 8, 2005. Dr. Boals testified that Shipp “had developed symptoms of pain and numbness associated with her job which was repetitive” and that “[s]he reported this in the year 2003 and was seen by Dr. Knight.” Dr. Boals testified that when Dr. Knight suggested that Shipp have surgery for her condition, “she told Dr. Knight that, for personal reasons, she was unable to do that.” Shipp was then terminated from her job in July 2004.
 

 ¶ 18. On May 2, 2005, Shipp filed a petition to controvert with the Commission, or a Commission Form B5-11, alleging that she suffered carpal tunnel syndrome, a compensable injury, on July 28, 2004, while employed by Thomas and Betts. Shipp also testified that she notified Thomas and Betts of her condition, that no benefits were paid to her, and that no time off work was taken because of her injury.
 
 See Jordan,
 
 852 So.2d at 30(5) (finding similar circumstances precluded claim as being time-barred under section 71-3-35).
 

 ¶ 19. Based upon the evidence offered at the hearing, the administrative law judge concluded that Shipp’s workers’ compensation claim for bilateral carpal tunnel syndrome commenced running on or before March 2003. As a result, the
 
 *337
 
 administrative law judge found that Shipp’s claim was time-barred under the statute of limitations because Shipp did not receive any disability income for her injury and because Shipp failed to file her claim -within two years of her injury.
 
 See id.
 

 ¶ 20. The Commission affirmed the administrative law judge’s judgment for Thomas and Betts. “The [Cjommission is in the same position as a jury, which might have brought in a verdict for either the plaintiff or the defendant, and where the jury has enough evidence to justify its findings the court affirms the case.”
 
 Lucas,
 
 733 So.2d at 291(29). Because we find the Commission’s findings were based on substantial evidence, we affirm.
 
 See Jordan,
 
 852 So.2d at 30(4).
 

 II. Burden of Proof
 

 ¶ 21. Under workers’ compensation law, the claimant has the burden of proof in showing the causal connection between the claimant’s employment and the resulting disabling condition.
 
 Hedge v. Leggett & Platt,
 
 641 So.2d 9, 12-13 (Miss. 1994). The claimant must prove by a preponderance of the evidence each element of her case.
 
 Tex. Gas Transmission Corp. v. Dabney,
 
 919 So.2d 1079, 1085(21) (Miss. Ct.App.2005).
 

 ¶ 22. “In all but the simple and routine cases ... it is necessary to establish medical causation by expert testimony.”
 
 Cole v. Superior Coach Corp.,
 
 234 Miss. 287, 291, 106 So.2d 71, 72 (1958). A “claim of disability must be supported by medical findings.”
 
 Howard Indus. v. Robinson,
 
 846 So.2d 245, 252(17) (Miss.Ct.App. 2002) (citing Miss.Code Ann. § 71-3-3(1) (Supp.2001)). “[M]edieal evidence must prove not only the existence of a disability but also its causal connection to employment.”
 
 Id.
 
 at 259 (citation omitted).
 

 ¶ 23. Dr. Knight testified that he and Shipp did not discuss the cause of her carpal tunnel syndrome. Dr. Knight also testified that he believed there was a less than fifty percent chance that Shipp’s job either caused or aggravated her carpal tunnel syndrome. When Dr. Knight was asked in his deposition regarding possible causes of carpal tunnel, in general, he stated:
 

 Carpal tunnel is caused by lots of different things, and it’s not specifically consistent with anything, and it’s consistent with everything.... It’s not associated with repetitive activity ... and so the only thing you really can assign an etiology to carpal tunnel would be associated with a displaced fracture of the wrist.... That’s really the only time that you can, with a clear conscience, say, that carpal tunnel is from the fracture .... [T]here are lots of people who do repetitive work and never get [carpal tunnel syndrome], they don’t all get [it] ... so it’s — I think it’s difficult to absolutely assign a causation in these situations where it’s not clear cut.
 

 ¶ 24. Shipp’s independent medical examiner, Dr. Boals, testified as follows regarding Shipp’s medical history:
 

 [Shipp’s injury was an] over-time type of problem developed due to the repetitive use of her arms. And she would have to be able to justify that, explain it, and make sense of it. If she is using air guns or drills or screwdrivers all day long or typing, or like a court reporter, certainly those kinds of activities have been associated with carpal tunnel syndrome.
 

 ¶ 25. The administrative law judge found that “[t]he record remains void of any proof of repetitive work of the nature and extent as that mentioned by Dr. Boals.” The administrative law judge explained:
 

 
 *338
 
 The distinction between job descriptions, and their alleged extent of repetitive severity, is fatal to an apparent attempt by Claimant, and Dr. Boals, to link or establish causation. The descriptions of her various job titles, and duties, given in her deposition do not mention any tasks of a repetitive nature type similar to those given as examples by Dr. Boals.
 

 ¶ 26. When asked if he had an opinion within a reasonable degree of medical certainty, as to what caused Shipp’s carpal tunnel syndrome, Dr. Boals testified as follows:
 

 It is hard for me to know. She said her job caused her to have the numbness. Now, causation many times is an issue that I don’t decide. I can assign an impairment [rating] and suggest treatment or care based on assuming some facts, which I have done here. I am assuming she is going to be able to document the work [that] caused this. If she can, then what I said holds. If she can’t, then, of course, this is not work related.
 

 ¶ 27. The administrative law judge found that Dr. Boal’s assumption that Shipp was able to document the work that caused her injury “[was] not well founded, as the record remains void of any expert testimony that the injury of which ... Shipp complains is work related, or even that her work duties and/or required tasks were in fact repetitive in nature to the extent that Dr. Boals testified might cause carpal tunnel.”
 

 ¶ 28. The administrative law judge concluded that the record was “completely lacking of expert opinion testimony connecting ... Shipp’s medical condition to an occurrence or series of occurrences at work.” Therefore, the administrative law judge found that “Shipp [had] failed to meet her burden of proof showing the necessary medical causation between her work and her injury by a preponderance of the evidence.” Upon review of the administrative law judge’s opinion, the Commission also found that Shipp had failed to prove that her injuries were caused or aggravated by her employment with Thomas and Betts. Because we find that the Commission’s decision was supported by substantial evidence, we find no error and affirm.
 
 See Taplin,
 
 586 So.2d at 826.
 

 CONCLUSION
 

 ¶ 29. The Commission found that Shipp had failed to file a workers’ compensation claim within two years of becoming disabled, which precluded her claim under the two-year statute of limitations.
 
 See
 
 Miss. Code Ann. § 71-3-35. Additionally, the Commission found that Shipp had failed to prove that her carpal tunnel syndrome was caused or aggravated by her employment with Thomas and Betts.
 
 See Hedge,
 
 641 So.2d at 12-13. We are bound by the Commission’s findings of fact in this case because the Commission’s decision was based upon substantial evidence.
 
 See Jordan,
 
 852 So.2d at 30(4). Therefore, we find no error and affirm.
 

 ¶ 30. THE JUDGMENT OF THE MARSHALL COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.