ISHEE, J.,
for the Court:
¶ 1. Jadonna Pearson appeals the judgment of the Washington County Circuit Court, which affirmed the decision of the Mississippi Workers’ Compensation Commission (Commission), dismissing her petition to controvert as barred by the applicable two-year statute of limitations under Mississippi Code Annotated section 71-3-35 (Rev.2000).
*638 FACTS
¶ 2. On October 17, 2005, Pearson sustained an injury to her head, neck, upper back, and shoulders when a large piece of glass fell from the top of a slot machine at Lighthouse Point Casino (Lighthouse). Pearson sought treatment at the Delta Regional Medical Center emergency room (Delta Regional) on the day of the accident, complaining of a headache. The impression from where the glass hit her head was listed as a contusion to the head. Pearson was given Toradol and a prescription for Ultracet and discharged from the hospital.
¶ 8. On November 7, 2005, Pearson went to Leland Medical Clinic (Leland) with complaints of neck and shoulder pain and headaches from her accident at Lighthouse. She was diagnosed with headaches, a head injury, and a head contusion. Pearson was recommended to have a CT scan and visit Dr. Harry Dorsey, a chiropractor at the Dorsey Chiropractic Clinic (Dorsey Chiropractic). Pearson had the CT scan of her head, and the results indicated no acute intracranial pathology. Pearson was treated by Dr. Dorsey between October 24, 2005, and November 80, 2005.
¶ 4. Lighthouse and its carrier, Federal Insurance Company, paid for Pearson’s medical treatment rendered at Delta Regional and Leland, but they did not pay for treatment at Dorsey Chiropractic. They also did not pay temporary total disability benefits.
¶ 5. Pearson filed a petition to controvert on December 27, 2007, more than two years after she was injured at Lighthouse. On August 8, 2008, the administrative law judge (ALJ) dismissed Pearson’s petition as time-barred by the two-year statute of limitations provided in section 71-3-35. The administrative law judge’s order was affirmed by the full commission.
¶ 6. Pearson appealed the Commission’s decision to the Circuit Court of Washington County, which affirmed the Commission’s decision. Feeling aggrieved once again, Pearson appeals.
STANDARD OF REVIEW
¶ 7. The standard of review in a workers’ compensation appeal is limited. This Court must determine only whether the decision of the Commission is supported by substantial evidence. Casino Magic v. Nelson, 958 So.2d 224, 228 (¶ 13) (Miss.Ct.App.2007) (citing Westmoreland v. Landmark Furniture, Inc., 752 So.2d 444, 447 (¶ 7) (Miss.Ct.App.1999)). “The Commission sits as the ultimate finder of facts; its findings are subject to normal, deferential standards upon review.” Id. (citing Natchez Equip. Co. v. Gibbs, 623 So.2d 270, 273 (Miss.1993)). Because our review is limited, this Court “will only reverse the Commission’s rulings where findings of fact are unsupported by substantial evidence, matters of law are clearly erroneous, or the decision was arbitrary and capricious.” Id. (citing Westmoreland, 752 So.2d at 448 (¶ 8)). We maintain this deferential standard of review even if we would have been persuaded to rule otherwise if we had been the fact-finder. Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994).
DISCUSSION
¶ 8. Pearson takes issue with the ALJ dismissing her petition to controvert as time-barred by the two-year statute of limitations. Pearson argues that according to Baker v. IGA Super Valu Food Store, 990 So.2d 254 (Miss.Ct.App.2008), she is entitled to disability benefits and medical treatment for a two-year period from the date of injury on October 17, 2005, until October 17, 2007. In Baker, the claimant, Charles P. Baker, was in *639 jured on January 9, 2002, and the employer paid Baker’s medical expenses for a two-year period. Id. at 256-57 (¶¶ 2-3). The ALJ found that Baker’s claim seeking disability and medical benefits was barred because the two-year statute of limitations applied. However, the ALJ ordered the employer to pay all medical expenses incurred by Baker prior to January 9, 2004. Id. at 257 (¶ 3).
¶ 9. Pearson’s reliance on Baker is misplaced. The employer in Baker had voluntarily paid Baker’s medical expenses for two years following the incident that occurred on January 9, 2002. Id. Two months after the employer stopped paying Baker’s medical expenses, Baker filed a petition to controvert. The employer in Baker was ordered to pay only Baker’s outstanding medical bills related to his back injury that were incurred prior to January 9, 2004. The employer in Baker was simply ordered to pay any outstanding medical bills. Id. However, we held: “the trial court did not err when it affirmed the Commission’s affirmation of the administrative law judge’s ruling that the two-year statute of limitations applied and precluded Baker’s claim for disability benefits and medical treatment after January 9, 2004.” Id, at 261 (¶ 26).
¶ 10. In the present case, Pearson did not file her petition to controvert until more than two years after her last medical treatment. Therefore, the reasoning for payment of the outstanding medical bills prior to January 9, 2004, in Baker is inapplicable to this case.
¶ 11. The two-year statute of limitations for filing a petition to controvert runs from the time of injury and applies in instances where there has been no payment of disability income benefits or non-burial death benefits. Jordan v. Pace Head Start, 852 So.2d 28, 30 (¶ 5) (Miss.Ct.App.2002). In the present case, there were no disability benefits paid. Therefore, the two-year statute of limitations bars Pearson’s petition to controvert.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.